## Levi O. Harris v. Caleb Sweetland, Sr.

*Error—Consolidation of actions—Stipulation—Costs.*

Where actions have been properly consolidated a writ of error will bring up matters preceding the consolidation.

The consolidation of cross-actions is not authorized at common law or by statute; nor are parties allowed to stipulate that the same jury shall hear in one case and decide by one verdict a series of incompatible issues which cannot be tried together without violating the fundamental principles of procedure.

Parties are at liberty to waive rights secured to them by rules of practice, and they may also waive objections to pleading or to evidence; they can stipulate facts or confess judgment. But if they stipulate to substitute methods of their own in place of essential rules of legal procedure, they cannot afterward claim the right of review.

Stipulations regulating the mode of trial cannot be set aside on error.

Costs are denied where a writ of error is dismissed for defects in procedure arising from a stipulation of the parties.

Error to Kalamazoo. Submitted Jan. 19. Decided Apr. 12.

ASSUMPSIT. Cross-actions. Defendant Harris brings error. Dismissed.

*H. C. Briggs* for appellant.

*Oscar T. Tuthill* for appellee.

GRAVES, C. J.    October 11, 1877, Sweetland sued Harris by summons and twenty days later Harris retorted by suing Sweetland by attachment.

December 15, 1877, Sweetland proceeded to declare in *assumpsit.* His declaration contained three special counts and the usual *indebitatus* counts.   The latter were not used. By the special counts damages were claimed for alleged breaches on the part of Harris of a written agreement made between the parties on the 27th of November, 1876, whereby Harris was to sell to Sweetland certain lumber at Clam Lake and ship it on orders, and Sweetland was to pay therefor through acceptances pursuant to the terms specified.

January 31, 1878, Harris pleaded the general issue with notice of special matter and of set-off, and on the same day he declared in the attachment cause and claimed damages for alleged breaches by Sweetland of the same agreement set up in the other case.   He also claimed to recover on numerous unpaid acceptances taken under that agreement.

March 12, 1878, Sweetland pleaded the general issue with notice of special matter and of set-off.

Both suits being at issue the parties stipulated as follows : " It is hereby stipulated between the respective parties in the above causes that they may be *consolidated* upon the trial in one cause, and that Mr. Harris have permission to put in evidence upon this trial and upon this *consolidation* of the two cases all that would be proper evidence as defendant in this suit number 9 (being the suit commenced by Sweetland) and as plaintiff in the other number ten (being that commenced by himself), and that the other side, Mr. Sweetland, have leave to put in evidence all that would be proper as plaintiff in this suit and as defendant in the other."

Under this agreement a single jury was drawn for both suits and the parties proceeded before it to litigate in one trial all the issues and subjects of contention involved in the respective actions, and at the close the jury returned and the court received and recorded a single verdict finding in favor of Sweetland for $634. Being dissatisfied with this result Harris took a writ of error and by way of return to it we find the records in both actions down to the stipulation, the proceedings at the trial set forth in the bill of exceptions, and the single verdict and judgment.

.Where a true consolidation has been effected the writ of error will apply· to bring up the separate matters which preceded the union. But it is not to be assumed that it would regularly so operate in a case not within any law permitting consolidation.

But waiving this question there are other considerations which. demand attention. The practice of consolidating cases was established at common law. Tidd's Pr. 664; Graham's Pr. 418; 1 Burrell's Pr. 411. And the State of New York and several others have confirmed it by statute. Such has been the case here. Comp. L. §§ 5806, 5807. But neither the common law nor any statute has ever authorized the consolidation of *cross-actions*, or given the least countenance to the notion that parties by stipulation might require the same jury to hear in one case and decide by one verdict a series of issues wholly incompatible and incapable of being tried together except through violation of the fundamental principles of procedure. *Bayly v. Raby* Strange 420; *Swithin v. Vincent* 2 Wils. 227; *Cecil v. Brigges* 2 Term 639; *Camman v. New York Ins. Co.* 1 Caines, 114; *Thompson v. Shepherd* 9 Johns. 262; *Dunning v. Bank of Auburn* 19 Wend. 23; *Wilkinson v. Johnson* 4 Hill 46; *Witherlee v. Ocean Ins. Co.* 24 Pick. 67.

The statute gives a discretion to the court to consolidate where several suits are pending in the same court by the *same plaintiff* against the *same defendant* for *causes* of action *which may be joined*, and also where several actions

are commenced against the same joint and several debtors in the same court. But it neither authorizes nor favors a consolidation in such a case as this. If anything it indicates the contrary.

Harris charged Sweetland with having broken the agreement and he further charged him with having failed to pay his acceptance given under the agreement and these were his causes of action against Sweetland. On the other hand Sweetland charged Harris with having broken the before-mentioned agreement and this was Sweetland's cause of action against Harris. And of course these cross causes of action could not be joined.

Among the various incongruities engendered were the blending of subjects not legally compatible; the bringing of each party to take inconsistent positions; the rejection of the rule requiring evidence to be confined to the points legitimately in issue and rejection of the law governing set-off.

Sweetland in notifying his defence against the suit of Harris set up that he would prove that the very contract on which his own case was founded and under which Harris got the acceptances on which he counted was actually obtained by the false and fraudulent representations of Harris. And the stipulation for the trial not only had the general effect to make admissible any testimony which would have been admissible in either one of the two cases and not in the other if tried separately; but in particular to permit Sweetland to adduce testimony to prove the fraud so set up in his notice, and hence to allow him at the same time and in the same trial to urge the enforcement and rejection of the agreement. And the stipulation had the further effect to require that Sweetland's unliquidated damages and Harris' acceptances should be mutually set off by the jury, one against the other, contrary to statute.

That the trial was conducted on the general theory indicated by the stipulation is well shown by the bill of exceptions and the verdict and judgment. The two last appear

in the margin.* It now occurs to enquire whether this court can properly review the record of these proceedings with a view to their reversal or affirmance as in ordinary cases. We think not.

Parties may do many things to simplify and shorten proceedings and it is often a duty. They may waive many

*Journal entry of verdict under date of March 7, 1879.

CALEB SWEETLAND, SR., (doing business
 under the name of C. Sweetland & Co.)
                          vs.
LEVI O. HARRIS.

LEVI O. HARRIS
                          vs.
CALEB SWEETLAND, Sr., (doing business
 under the name of C. Sweetland & Co.)

The jury heretofore impanneled and sworn in this cause sat together and heard the conclusion of the arguments of counsel, and the charge of the judge, and retired from the bar thereof in charge of Sheldon Allen, an officer of the court, duly sworn for that purpose, to consider of their verdict to be given, and after being absent for a time, return into court and say upon their oath that they find a balance in favor of C. Sweetland, Sr., to the amount of six hundred and thirty-four dollars over and above his costs and charges by him about his suit in this behalf expended.

Journal entry of judgment under date of June 16, 1879.

LEVI O. HARRIS
                          vs.
CALEB SWEETLAND, SR., (doing business
 under the name of C. Sweetland & Co.)
                          AND                          } Cases Consolidated.
CALEB SWEETLAND, SR., (doing business
 under the name of C. Sweetland & Co.)
                          vs.
LEVI O. HARRIS.

These causes having been regularly brought on to trial and by stipulation on file having been consolidated upon the trial by an agreement in writing that the two be tried together and all matters of difference between the parties declared on by the one and pleaded by the other, be determined on one trial and suit, and the jury, by whom the issue joined in said causes was tried, having rendered a verdict thereon in favor of C. Sweetland & Co., the plaintiff in one cause and the defendant in the other, against Levi O. Harris, the defendant in one cause and the plaintiff in the other, and having assessed the damages of the said C. Sweetland & Co., on occasion of the premises, at the sum of six hundred and thirty-four dollars ($634), over and above all damages, claims and demands made by the said Levi O. Harris, in said cause against the said C. Sweetland & Co., and over and above his costs and charges by him about his suit in that behalf expended. Therefore it is considered that the said C. Sweetland & Co. do recover against the said Levi O. Harris aforesaid his damages by the jury aforesaid, in form aforesaid assessed, together with his costs and charges to be taxed, and that the said C. Sweetland & Co., aforesaid, have execution thereof.

rights which belong to them according to the practice of the courts; they may agree that certain facts may be taken to exist without other proof; may waive objections to evidence not strictly proper; may yield the right to except for defects in pleading; and one may admit generally that the case is against him and suffer judgment without an investigation of the facts.

But there are necessary limits. The parties cannot by agreement supersede the essential regulations made by law for the investigation of causes and adopt methods of their own which contravene the fundamental rules of proceeding, and still retain the full right to claim revision in this court. *Gittings v. Baker* 2 Ohio St. 21; *Conner v. Drake* 1 Ohio St. 166; *Kelsey v. Forsyth* 21 How. 85. If they choose to oust the regulated order of business and to disregard the established course and agree on special ways of their own which are not in accordance with any recognized system in the State, they must abide the consequences and not expect that this Court will follow their steps in order to judge and settle such disputes as they may have fallen into by the way.

As conducted, this litigation savored more of an arbitration than of a strict trial at *nisi prius* in "due course of law," and if this court were able to view it as open to revision on writ of error it would soon be occupied in reviewing trials as remote in their character from legitimate procedure as they would be variant and inconsistent in their methods. The jurisdiction exercisable by the court is not applicable. Were the objections which present themselves to this interference in a shape so formidable either overlooked or disregarded, and were the Court to become satisfied that in the course of his endeavor to carry out the agreement of the parties for the submission and hearing of both actions in one trial and as one cause the circuit judge erred in his construction of the controversy and in applying the rule of evidence, it could not set aside that agreement. The authority capable of exertion on writ of error could not be carried far enough for that. Again, suppose this Court were to discover rulings which in its opinion were unsound, it might

yet be difficult to say the judge was not misled and drawn into them by the anomalous stipulation of the parties.

But it is needless to discuss the matter further. The conclusion is that the proceedings cannot be revised and that the only practicable thing is to dismiss' the writ of error. And as the parties have been equally responsible for what has occurred, neither is entitled to costs as against the other.

The other Justices concurred.