McConkey et al v. Chapman et al.

1. **Costs:** FEE BILL: AGAINST SUCCESSFUL PARTY. A party against whom a judgment is rendered, is primarily liable for all the costs to the parties entitled thereto, who may have a fee bill issued therefor; and failing in that, they may by motion require the successful party to pay such of the costs as accrued at his instance.

2. ———: PAYMENT: WHEN NOT A RELEASE. The payment in full of the judgment and costs by the judgment defendant, to the judgment plaintiff, will not release him from all liability to have a fee bill issued against him for the costs. The successful party has no right to costs not advanced by himself, and payment to him would not absolve the unsuccessful party from payment to the persons entitled thereto.

*Appeal from Polk Circuit Court.*

SATURDAY, APRIL 22.

In December, 1880, the defendant Richard McConkey recovered a judgment before a justice of the peace, against the plaintiff herein for the sum of $30, together with his costs taxed at $59. Soon thereafter, Richard McConkey executed a receipt to the plaintiffs herein, in which he acknowledged full payment and satisfaction of the said judgment and costs.

Afterward the defendant, John S. Coskery, purchased from the several officers and persons entitled thereto, their respective claims for costs in said suit, and which were taxed as costs in favor of the plaintiffs, and procured a fee bill to be issued against the plaintiffs by the legal successor of said justice of the peace. The fee bill was placed in the hands of an officer who levied the same on certain property of the plaintiffs. Thereupon plaintiffs commenced this action in equity to restrain the collection of said costs, claiming "that in no event under the law could a fee bill be issued against the property of the defendant for the costs recovered by the plaintiff in the judgment, and that said costs had been fully paid, long prior to the issuance of said fee bill therefor, and

that said fee bill is utterly null and void, and was issued without authority or jurisdiction to issue the same." A temporary injunction was granted. An answer and a motion to dissolve the injunction were filed by the defendants. The motion to dissolve was sustained, and plaintiffs appeal.

*Cole & Cole*, for appellants.

*Holmes & Nottingham*, for appellees.

ROTHROCK, J.—I. The amount in controversy is less than one hundred dollars. The Circuit Court has certified certain questions to this court for determination. The first question is as follows: "May a fee bill be properly and legally issued against the judgment plaintiff?"

1. COSTS : fee bill : against successful party.

Section 3842 of the Code, is in these words: "No officer or other person mentioned in this title, is entitled to any of the fees mentioned herein in advance, where the same grows out of any criminal prosecution. But in all other cases, except where the fees or compensation is payable by the State or county, or when the orders, judgments or decrees of courts or justices of the peace are to be entered or performed, or their writs executed, the officer performing any of the services named in this chapter, is entitled to his fees in advance, if he demand them. After the expiration of sixty days from the rendition of a final judgment not appealed, removed or reversed, the clerk of the court or justice of the peace, in whose office the judgment is entered, may, and on demand of any party entitled to any part thereof shall, issue a fee bill for all costs of such judgment, which shall have the same force and effect as an execution issued by such officer, and shall be served and executed in the same manner."

The contention of counsel for appellant briefly stated, is, that after the expiration of the sixty days, any party entitled to any part of the plaintiff's costs may have a fee bill issued against the plaintiff for all costs of such judgment, but that he cannot

have a bill against the defendant for costs made by the plaintiff. The argument is, that the plaintiff is liable for the costs to the parties performing the service, and if he does not pay in advance he is still primarily liable for his costs, upon the theory that he procured the services of officers, witnesses and others on trust, so to speak.

There is another section of the statute, however, which should be construed with the section above cited. It is section 2935, and is as follows: "All costs accrued at the instance of the successful party, which cannot be collected of the other party, may be recovered, on motion, by the person entitled to them, against the successful party." How is it to be determined that the costs cannot be collected of the judgment defendant. It must be by process of law. If the parties entitled to costs cannot have a fee bill issued against the unsuccessful party, they may never recover their costs, for the costs may very greatly exceed the debt, and it may not be to the interest of the judgment plaintiff to endeavor to collect by execution. In our opinion the plain meaning of the two sections, taken together, is, that the party against whom the judgment is rendered is primarily liable for all the costs, to the parties entitled thereto; that they may issue their fee bill therefor, and failing in that, they may by motion require the successful party to pay such of the costs as accrued at his instance. The case of *Ex-parte Hampton*, 2 G. Greene, 137, is cited as authority for denying the right of persons entitled to fees, to cause process to be issued. We think the case is not applicable, because it appears that there was at that time no statute in force authorizing persons entitled to fees to enforce their collection. The same may be said of the authorities cited from other States. Their statutes are not like ours, and we think the construction of the statute we adopt is more in consonance with our system of practice, for while it is true officers and witnesses may in most cases demand their fees in advance, yet it is notorious that in practice parties to suits advance but little costs, and they are generally expected to be

made from the unsuccessful suitor. The statute, as we understand it, does not contemplate the issuance of a fee bill against a party against whom no judgment has been rendered, but against the judgment defendant for all costs.

II. The next question certified is in these words: "Will a payment in full of the judgment and costs by the judgment defendant to the judgment plaintiff, release the former from all liability to have a fee bill issued against him for all the costs of the latter, the same being included in the judgment?"

*2. ——: payment: when not a release.*

We do not know that we fully understand the expression "included in the judgment" in this question. The usual method of including it in the judgment is to first tax the costs as required by section 2942 of the Code, and then in entering judgment the debt and costs are separately stated. They are so stated because the successful party is not entitled to the costs unless he has paid them in advance. The taxation of the costs shows the witnesses and officers entitled thereto, and respective amounts due each of them. We suppose the costs were included in the judgment in the way authorized by law, and the practice in such cases. While it may be said the successful party has judgment for costs, he has no right to collect such as he has not advanced or paid. The judgment for costs which are due to jurors, witnesses, and officers of court, while it may be said to be included in the judgment in favor of the successful party, yet it is for the use of the parties entitled to the costs. The successful party has no interest in that part of the judgment. The costs should be paid to the justice or clerk to be by him distributed to the parties entitled thereto, as shown by the record made in taxing the costs. The judgment plaintiff having no right to the costs, not advanced by him, a payment thereof to him is unauthorized, and in our opinion does not absolve the judgment defendant from payment to the persons entitled thereto.

AFFIRMED.