HIDY BROTHERS *et al.*, v. J. B. HANSON, Appellant.

**Fee Bill Execution:** SUCCESSFUL PARTY: *No right to collect more than advanced costs.* Under Code, section 1299, providing that the clerk of the court in whose office a judgment is entered, upon demand of any person entitled to any part thereof shall issue a fee bill for all costs of such judgment, which shall have the same effect as an execution, and be executed in the same manner; and section 3855, providing that all costs incurred at the instance of the successful party in a suit, which cannot be collected of the other party, may be recovered, on motion, by the person entitled thereto, against the successful party,—and the unsuccessful party to a suit is primarily liable for the costs, and the successful party has no interest in and no right to collect any except such as are advanced by him.

**Consolidation:** NOT AFFECTED BY HEARING ON SAME EVIDENCE. Consolidation of actions being effected by order of court or agreement of parties, several cases, which were otherwise treated as separate actions will not be treated as consolidated merely because they were heard on the same evidence.

**Appeal:** AMOUNT IN CONTROVERSY: *Subjecting property to judgment amounting to less than one hundred dollars.* Where suit to subject real estate to a judgment lien was based on a judgment which, including costs, amounts to less than $100, this court has no jurisdiction, without the trial judge's certificate, of an appeal from the decree rendered.

*Appeal from Story District Court.*—HON. J. R. WHITAK-
ER, Judge.

MONDAY, FEBRUARY 10, 1902.

A petition was prepared, and the clerk directed to file
it, in each of five entitled cases, each based on a distinct
judgment. The party in whose favor each judgment had
been rendered was named as plaintiff, and those against
whom, and some others, as defendants, in each case. An-
swers and replies were filed. Whether there was in fact one
set of papers treated as five, or five distinct sets of papers
does not appear. In either event, each was treated as a
separate cause, all were heard on the same evidence, and
each decided as an independent case. These judgments
were: J. F. Draper & Co. against Hidy Bros. *et al.,* for
$43.50, with $10.25 costs, May 25, 1891; Jones-Douglas
Bakery against Same, for $35.75, with $9.15 costs, May 25,
1891; Des Moines Soap Works against Same, for $18.71,
with $9.75 costs, May 25, 1891; Hidy Bros. *et al.,* against
J. B. Hanson, in favor of defendant, for $127.75 costs and
$30 referee's fee, September 1, 1891; and Louisa Brown
against Hidy Bros. *et al.,* for $150.15, with $18.45 costs,
April 28, 1892. The relief demanded was that certain lots
be subjected to the satisfaction of said judgments. The
defense interposed was that the lots were exempt as the
homestead of J. C. Hidy until conveyed to the present
owner, Johanna Hidy; also that said Hidy had been dis-
charged in bankruptcy. Decree was entered dismissing the
petitions, and the plaintiffs appeal. Appeal *dismissed.*

*J. F. Martin* for appellants.

*D. J. Vinje* for appellees.

LADD, C. J.—According to the abstract, notice of ap-
peal was served in the case of Hidy Bros. *et al.,* against Han-

son only, and yet the arguments proceed on the theory that notices were served in all the cases. It does not appear that the several actions were consolidated. On the contrary, care seems to have been exercised to keep them separate. That they were heard on the same evidence does not alone warrant the conclusion that they were tried as one action. Consolidation is effected by the order of court or agreement of parties. (*Jones v. Witousek,* 114 Iowa, 14) and the inference of such an agreement is not warranted by the record. Three of the causes are based on judgments, each of which, including costs, amounted to less than $100, and, without the trial judge's certificate, jurisdiction to hear on appeal has not been acquired by this court. *Colyar v. Pettit,* 63 Iowa, 97. The plaintiff in another died long before the action was begun, and, of course, the proceedings were wholly unauthorized. This leaves but the judgment in the case of Hidy Bros. against Hanson in favor of the defendant for costs only, of which the latter appears to have advanced but $20. This is the extent of his interest therein. The fees of others entitled thereto did not belong to him, nor had he any authority to collect the same. In construing sections of the statute similar to 1299 and 3855 of the Code, this court said in *McConkey v. Chapman,* 58 Iowa, 281: "In our opinion, the plain meaning of the two sections, taken together, is that the party against whom the judgment is rendered is primarily liable for all costs to the parties entitled thereto; that they may issue their fee bill therefor, and, failing in that, they may, by motion, require the successful party to pay such of the costs as accrued at his instance." And it was further said, in holding that payment to the judgment plaintiff did not release the judgment defendant from liability therefor to parties entitled to fees, that: "The taxation of costs shows the witnesses and officers entitled thereto, and respective amounts due each of them. * * * While it may be said the successful party has judgment for costs, he has no right to collect such as he has not advanced or paid.

The judgment for costs which are due jurors, witnesses, and officers of court, while it may be said to be included within the judgment in favor of the successful party, yet it is for the use of the parties entitled to the costs.    The successful party has no interst in that part of the judgment." If, then, Hanson had no interest in the costs taxed against Hidy, save as advanced by him, and was unauthorized to collect any other costs, he is not in a situation to demand that Hidy's property be subjected to the payment of any part of the judgment save the costs by him paid.    The issues in that action then involved but $20, and this court, in the absence of a proper certificate has not jurisdiction.—DISMISSED.