VAN BUREN COUNTY SAVINGS BANK and S. E. IRISH v.
E. H. and MAGGIE E. ROCKWELL, and others, Appellants.

**Attorneys' fees:** PART OF COSTS.  Attorneys' fees taxed as provided
in a written instrument are part of the costs incidental to the
action, and not of the amount in controversy, and belong to the
person in whose favor they are taxed.

**Judgments:** APPLICATION OF PAYMENT TO CLERK.  A judgment debtor
can not direct the application of an involuntary payment made to
the clerk of court.

**Same.**  The clerk of court has no right to apply an involuntary pay-
ment by the judgment debtor to items of cost in which he has
no interest, but the same belongs to the creditor for application
as required by law; and he may direct a part therof to pay-
ment of attorneys' fees taxed in the case.

*Appeal from Van Buren District Court.*—HON. FRANK W.
EICHELBERGER, Judge.

WEDNESDAY, FEBRUARY 7, 1912.

THE opinion states the facts.—*Affirmed.*

*Hollingsworth & Blood* and *W. M. Walker,* for appel-
lants.

*Joseph C. Mitchell,* for appellees.

SHERWIN, J.—In 1903, the Van Buren County Sav-
ings Bank, through Hollingsworth & Blood and Wherry &
Walker, its attorneys, procured a judgment on default
against E. H. Rockwell, and also a judgment against Mrs.
E. H. Rockwell, in both of which judgments attorneys'
fees were taxed in favor of the plaintiffs' attorneys.  Noth-
ing was done toward the collection of these judgments until

early in July, 1909, when the plaintiff herein, S. E. Irish, was employed to collect them. He immediately instituted proceedings which finally compelled the defendant, E. H. Rockwell, to pay into court the sum of $180 for application on said judgments. This sum was paid in December, 1910, but only after a trial in which the defendants, Rockwell, through their attorney, Walker, resisted the proceedings at every step. A day or two after the sum was so paid to the clerk of the district court, the defendant, Walker, on behalf of Hollingsworth & Blood and himself as survivor of the firm of Wherry & Walker, filed an application, asking the court to direct the clerk to apply the sum so paid to the payment of the costs taxed in the two cases, including the attorneys' fees. Two or three days after that application was filed, the plaintiff Irish entered on the docket his claim for an attorney's lien on the $180 paid by Rockwell, and thereafter he resisted the Walker application by answer. Upon a hearing, the court applied a part of said sum to the payment of costs other than the attorneys' fees, and ordered the clerk to hold the remainder of the sum until the amount of the Irish claim was determined, and then to pay same therefrom. The defendants appeal from the order.

The appellants contend that attorneys' fees, taxed as provided in a written contract, are a part of the costs incidental to the action, and not a part of the amount in controversy, and that they belong to the officers 1. Attorneys' fees: part of costs. and persons in whose favor they are taxed. We find no occasion for disagreeing with these propositions. Indeed, we think they are legally correct.

But they are not controlling in this case. The money paid to the clerk was paid involuntarily by 2. Judgments: application of payment to clerk. Rockwell, and, because it was not a voluntary payment, he had no right to direct how, or to what particular items of the judgment, it should be

paid.  30 Cyc. 1228.  Nor does it appear that Rockwell attempted to apply it to the payment of the costs.

The clerk clearly had no authority to apply the money to the payment of items of costs in which he had no personal interest, and hence the amount paid belonged to the judgment creditors for application as required by law.  Irish was the plaintiff's attorney in the collection made, and, as such attorney, he had the right to demand and receive the money from the clerk.  On the other hand, the attorneys, who had procured the judgments, had no lien on them for the costs that had been taxed therein in their favor.  Code, section 3855; *McConkey v. Chapman,* 58 Iowa, 281.  So that, in any view which may be taken of the case, the plaintiff bank had the right to receive the money and use it in any way that it saw fit.  It, in fact, asked that it be applied toward the payment of its attorney Irish, and having the right to so apply it, the defendants can not complain whether Irish had a technical lien on the fund or not.  The judgment is *affirmed.*

3. SAME.