**HARPER et al. v. STUMPFF.**

No. 11765—Opinion Filed Dec. 13, 1921.

Rehearing Denied Jan. 10, 1922.

(Syllabus.)

1. **Appeal and Error—Supreme Court Jurisdiction—Statute.**

"The Supreme Court may reverse, vacate or modify judgments of the county, superior, or district court, for errors appearing on the record, and in the reversal of such judgment or order, may reverse, vacate, or modify any intermediate order involving the merits of the action, or any portion thereof. * * *" (Section 5236, Revised Laws of Oklahoma of 1910.)

2. **Same—Distinct Judgments Brought in One Appeal.**

The same section of the statute does not contemplate that two separate and distinct judgments rendered upon causes of action which could not in their nature be united may be brought to this court in one appeal, presented in one petition in error and upon one case-made.

3. **Improvements — Occupying Claimants—Accrual of Cause of Action.**

A cause of action under the occupying claimants act does not accrue until the party in possession admits right of possession in the party claiming the right of possession or until judgment has been rendered evicting the party in possession.

4. **Same—Inconsistent Claims.**

A person cannot claim the ownership and right of possession of specific real estate and at the same time claim the right to recover under the occupying claimant's act for improvements placed on said land. Such claims are inconsistent.

5. **Appeal and Error — Ejectment—Judgment of Eviction—Occupying Claimant's Rights—Election of Remedies.**

The party in possession against whom a judgment evicting him has been rendered has the election of remedies, either to defer the trial of his right to recover under the occupying claimant's act and appeal to the Supreme Court from such judgment or waive his right of appeal from that judgment, treat it as final, and then proceed to trial on the issue of his right to recover under the occupying claimant's act. If on the trial of this issue he feels himself aggrieved he may appeal from that judgment, but he cannot pursue both remedies and appeal from both judgments at the same time and in one appeal.

6. **Same—Failure to Elect Remedy—Effect.**

The plaintiffs in error having failed to elect which remedy they would pursue, it is not the duty of this court to make the election for them.

7. **Appeal and Error—Duplicitous Appeal—Dismissal.**

Where the parties have undertaken, by one appeal upon one petition in error and one case-made, to reverse two or more judgments, this court will dismiss such an attempted appeal for duplicity.

Error from District Court, Osage County; Preston A. Shinn, Judge.

Action in ejectment by Florence H. Stumpff against W. J. E. Harper et al. Verdict and judgment for plaintiff. Defendants demanded a jury trial on their right to recover under the occupying claimants acts Verdict and judgment for plaintiff. Defendants appeal from both judgments. Dismissed.

Gray & Miller and Leahy, MacDonald, Burnette & Files, for plaintiffs in error.

E. L. Fulton, for defendant in error.

MILLER, J. This action was commenced in the district court of Osage county by Florence H. Stumpff against defendants, W. J. E. Harper, F. B. Price, Aetna Building & Loan Association, a corporation, G. C. Potter, and Noah C. Adams. The plaintiff's petition states a cause of action in ejectment and to recover damages for rents and profits.

Issues were joined and the case tried to a jury, which resulted in a verdict and judgment in favor of the plaintiff for possession of the property. Another jury was impaneled and defendants submitted to it their rights to recover under the occupying claimants act. This jury returned a verdict in favor of the defendant Harper for $55.09 for taxes he had paid. He was not allowed anything for improvements. Judgment was rendered in accordance with the verdict of the jury. Motions for a new trial were filed and overruled. Defendants saved their exceptions, gave notice of appeal, and have filed one petition in error and case-made in this court, and thereby seek to reverse the two judgments. They appear here as plaintiffs in error.

At the very outset we are confronted with a motion to dismiss the appeal on account of duplicity; two judgments on separate issues being presented in one appeal. We think the motion is well taken and should be sustained.

The facts are as follows: The plaintiff in the first and second paragraphs of her petition deraigns her title. In the third paragraph she alleges that on the 16th day of December, 1916, she was owner of and seized in fee and possessed of the premises consisting of lots 7 and 8 in block 23, in the town of Hominy, Osage county, Oklahoma. That on or about December 16, 1916, defendant W. J. E. Harper, without right or title, entered in and upon said premises, ousted and ejected plaintiff therefrom, and from said date has held and still holds possession thereof from the plaintiff. In the fourth paragraph of her petition she alleges there was property on said lots of the value of $1,050, consisting of an undivided one-half of a brick wall, the other portion of said wall being upon an adjacent lot, and of a certain stable and warehouse; that she had household goods stored in said warehouse of the value of $250, and that the rental value of said property was $25 per month; making a total aggregate in the sum of $1,530, which plaintiff was entitled to recover from defendant W. J. E. Harper. In the fifth paragraph of her petition she alleges that the defendant Aetna Building & Loan Association, a corporation, F. B. Price, G. C. Potter, and Noah C. Adams claimed to have some right, title, interest, estate, or right of possession in and to said premises, the nature and extent of which are unknown to the plaintiff; that such claims are without right and constitute a cloud upon the plaintiff's title. In the prayer of her petition she asks for restoration of the premises, that she recover the sum of $1,530 as damages as alleged in her petition, and that her title be quieted as against the claims of all the defendants.

Defendant Price filed an answer, setting up a mortgage given by plaintiff on said property to secure the payment of $400, which mortgage was executed on the 12th day of January, 1912. That an action had been brought in the district court of Osage county to foreclose said mortgage, the same being case No. 3279, and a decree of foreclosure obtained; that the property above described was sold by the sheriff of Osage county to satisfy the judgment of foreclosure and said property was bought in by defendant Price at the execution sale. That Price thereafter conveyed said property to defendant Harper. That Harper had executed a mortgage on said property to the defendant Aetna Building & Loan Association, a corporation, to secure the payment of $3,000. That he had erected lasting and valuable improvements thereon. That motions were filed in said action, No. 3279, by the plaintiff to vacate the judgment, which were overruled by the district court. That on appeal to the Supreme Court of the state of Oklahoma the district court was reversed and said judgment was vacated for want of jurisdiction of the parties defendant. See Stumpff v. Price, 74 Oklahoma, 177 Pac. 109. The prayer in the answer of defendant Price is as follows:

"Wherefore, this answering defendant prays that the court set and appoint a day for determining the value of the permanent and lasting improvements placed upon said premises by the defendant W. J. E. Harper, and for the determining of the amount of taxes paid by the said defendant W. J. E.

Harper and by this answering defendant, and that at said hearing this court determine the value of said improvements and taxes paid, and that before the court decree or make any order finding or determining that the plaintiff has any right, title or interest in said premises, that the said plaintiff be required and ordered to pay into the court for the use and benefit of the defendant W. J. E. Harper, and for the use and benefit of the answering defendant, the value of said permanent and lasting improvements and the amount of taxes paid by said defendant W. J. E. Harper and this answering defendant, and interest thereon from the date of payment at 18 per cent. per annum, and that upon failure of the plaintiff to pay said sum, the court decree and determine that said plaintiff has no right, title, or interest in or to said premises.

"'And it is further prayed by this answering defendant that this action be consolidated with the case of F. B. Price, Plaintiff, v. Florence H. Stumpff and James H. Stumpff, Defendants, case No. 3297 in the district court of Osage county, Okla., and that thereafter, the court find and decree that there is due and owing to this answering defendant from the plaintiff the sum of $693.-33 as interest and principal on said note and mortgage, and that the same bear interest from the — day of May, at 10 per cent. per annum and that there is due and owing the further sum of $265.75 for taxes paid and interest thereon and the further sum of $200 attorneys' fees and that judgment be rendered against said plaintiff for said sums and for further judgment foreclosing said mortgage and authorizing the sale of said premises to satisfy the judgme t."

Defendant Harper filed an answer, alleging substantially the same state of facts as alleged by Price in his answer, and asked for the same relief.

The defendant Aetna Building & Loan Association, a corporation, filed its separate answer, setting forth in detail its interest by virtue of a certain mortgage executed by defendant Harper and his wife to secure the payment of $3,000, and alleged substantially the same facts and asked for the same relief as asked in the answer of Price.

Defendants Potter and Adams did not file any answers and do not make any appearance in the case.

The plaintiff filed a separate reply to each of the separate answers of defendants Price, Harper, and the Aetna Building & Loan Association, a corporation. These replies were substantially the same, consisting of, first, a general denial; the second and third paragraphs of the reply reading as follows:

"The plaintiff admits the making, execution and delivery of the note and mortgage mentioned in the answer of said defendant, but alleges and says that said note and mortgage were made, executed and delivered under the corrupt and illegal agreement on the part of said defendant to charge and receive, and on the part of the plaintiff to pay, interest in excess of 10 per cent. per annum, to wit, interest at the rate of 15 per cent. per annum as provided for in said note and mortgage. That by reason of said corrupt cr illegal agreement plaintiff is entitled to have forfeited on said note and mortgage twice the amount of interest which said note and mortgage carry and which was agreed to be paid for the loan evidenced by said note and mortgage, which plaintiff says is in excess of the amount of said note and mortgage, or the amount due on the face thereof and for which reason the plaintiff says that there is nothing due or owing on said note and mortgage.

"The plaintiff further says that if the court should find and determine that there is any sum due and owing on said note and mortgage, or due for taxes paid and that said defendant or any of the defendants is entitled to the same, that the plaintiff now tenders the same into court for the benefit of such defendant the court may decree is entitled thereto."

Defendant Price filed a rejoinder to the reply of plaintiff in which he asked that the note and mortgage be corrected so as to provide for ten per cent. interest to conform with the agreement of the parties.

The case was called for trial on the 17th day of March, 1920. A jury was impaneled and sworn to try said cause. The journal entry shows that at this point of the proceedings the following agreement was made in open court:

"And it was agreed to by and between the parties hereto that this case be submitted to the court and jury upon the pleadings filed herein, excepting it was agreed and understood that the rights of the defendant W. J. E. Harper to recover for improvements as set out in his separate answer, should be heard in a separate proceeding. * * *"

The court held that the mortgage from Stumpff to Price was usurious; that the amount of interest reserved and charged exceeded the amount of the mortgage, and denied a foreclosure of the mortgage or any relief to Price or her codefendants under said mortgage. The jury, on the 17th day of March, 1920, returned a verdict in favor of the plaintiff for the recovery of possession of the premises and damages in the sum of $230.82, and it returned another verdict finding in favor of defendant Price for the recovery of $25 as taxes paid by her. Upon these verdicts of the jury the trial court rendered its judgment, wherein the plaintiff was adjudged to be the owner in fee simple of, and entitled to the possession

of, the lots and lands in controversy, and the owner of the undivided one-half interest in the stone wall. That the possession of defendants was wrongful, and that plaintiff recover from defendant Harper $230.82, and defendant Price recover from plaintiff $207 as taxes paid. That plaintiff's title be quieted as against all the defendants.

"Except upon the request of the defendant W. J. E. Harper and F. B. Price, who may hereafter at their request have adjudicated their right, if any, to recover for improvements placed upon the premises."

Thereafter, and on the 18th day of March, 1920, the following proceedings were had:

"And on to wit, the 18th day of March, 1920, the same being a day of the regular March, 1920, term of the district court of Osage county, Okla., this cause came on for further trial in its regular order; and the plaintiff Florence H. Stumpff, appearing in person and by her attorney, E. L. Fulton; and the defendant W. J. E. Harper appearing in person and by his attorneys, Leahy, MacDonald, Burnette & Files, and the defendant F. B. Price appearing in person and by her attorneys, Gray & Miller, and the Aetna Building & Loan Association appearing by its attorneys, Leahy, MacDonald, Burnette & Files; and all parties announcing ready for trial, a jury of twelve good and lawful men of the body of Osage county, is duly drawn, impaneled and sworn to try the case. * * *"

After an opening statement was made to the jury by Mr. Burnette and an opening statement by Mr. Fulton, the following proceedings were had:

"By Mr. Gray: I want to make a short statement.

"By Mr. Fulton: I don't see what Mr. Price has in here and we object to him coming in. He has no pleadings.

"By the Court: I don't think he is entitled to come in.

"By Mr. Gray: I want to make a record on it.

"By the Court: Have you any pleadings on file in this case that would entitle you to make a record?

"By Mr. Gray: I think so. Comes now the defendant F. B. Price, and as warrantor of the defendant W. J. E. Harper, claims against the plaintiff, Florence H. Stumpff, the return of the sum of $655 paid by the defendant F. B. Price for the sheriff's deed at the foreclosure sale, and interest thereon at six per cent. per annum from the 23rd day of October, 1916, and ask permission to offer evidence to establish that claim.

"By the Court: I am not going to rule on it at this time.

"By Mr. Burnette: It is agreed between the parties, Florence H. Stumpff and W. J. E. Harper, that the pleadings in this case may be treated as the demand of the defendants for the right to recover for improvements under the occupying claimants law, and that formalities of notice, and that formalities, and drawing of the jury are waived, and the matter is submitted to the jury under the original pleadings in this case. It is further agreed between the parties that either party may read such parts of the record contained in the copy of the case-made in case No. 3279, without the formality of authentication or further proof.

"By the Court: Isn't there some way by which a lot of this might be eliminated by agreement?

"By Mr. Burnette: Yes, sir; I think we can stipulate."

A stipulation was then entered into which obviated the necessity of introducing evidence on the matters stipulated upon. As to matters not covered by the stipulation evidence was introduced by the parties.

On the 19th day of March, 1920, the jury returned a verdict for defendant Harper in the sum of $55.09. The trial court thereupon rendered judgment upon this verdict, against the plaintiff and in favor of W. J. E. Harper for the sum of $55.09 for taxes paid by Harper; that Harper should at once yield possession of the premises to the plaintiff on her giving him credit for this amount on the judgment she obtained against him. On the 19th day of March, 1920, defendant Price filed a motion for a new trial, which reads in part as follows:

"Comes now the defendant F. B. Price and moves the court to vacate and set aside the verdict and judgment rendered herein on the 18th day of March, 1920, and to grant a new trial for the following causes which affect materially the substantial rights of said defendant. * * *"

Following this, Price sets up in the motion eleven specific grounds for a new trial.

On the 19th day of March, defendant Price filed another motion to vacate the last judgment rendered and grant a new trial, which motion in part, is as follows:

"Comes now the defendant F. B. Price and moves the court to vacate and set aside the verdict and judgment rendered herein on the 19th day of March, 1920, on the part of the action which was tried upon the claim of this defendant and upon the claim of the defendant W. J. E. Harper for improvements placed upon the property in question, and to grant a new trial for the following causes which affect materially and substantially the rights of this defendant. * * *"

Here follow eight specific grounds set on in the motion for a new trial.

On the 20th day of March, 1920, Harper and the Aetna Building & Loan Association filed a motion for a new trial, which is in part as follows:

"Comes now the defendants W. J. E. Harper and Aetna Building and Loan Association, and move the court to vacate and set aside the verdict and judgments rendered herein on the 18th and 19th days of March, 1920, and to grant a new trial for the following reasons, which affect materially the substantial rights of the defendant. * * *"

Here follow ten specific grounds set out in the motion for a new trial.

Thereafter, and on the 8th day of June, 1920, the court overruled all the motions for a new trial, as shown by the journal entry, which, omitting the recital of the appearances and findings of the court, is as follows:

"It Is Therefore, Considered, Ordered and Adjudged by the court that the motions and each of them, filed by the defendants, be and the same are hereby overruled. To which judgment of the court the defendants, and each of them except.

"And now, on this 8th day of June, 1920, in open court, the defendants, and each of them, give notice of their intention to appeal said cause to the Supreme Court of the state of Oklahoma, and minute thereof is made upon the clerk's docket of said court, and the defendants, and each of them, for good cause shown, request the court to fix the time within which to make and serve case-made; and upon the showing of the evidence, same being for good cause, the court hereby allows to the defendants thirty days in which to make and serve case-made, and the plaintiffs are given ten days thereafter in which to suggest amendments, said case-made to be signed and settled on five days' notice by either party. The said case-made to be filed in the Supreme Court of the state within seventy days.

"It is further ordered that the defendants execute a good and sufficient supersedeas bond, in the sum of three thousand dollars ($3,000,000) to be filed within sixty days and upon the execution of said bond within the said sixty days, execution is hereby stayed.

"Preston A. Shinn,
"Judge 24th Judicial District."

The plaintiffs in error have united in one appeal, filed one petition in error and one case-made, to reverse the two judgments, as is shown by the first paragraph of their brief, which states:

"This proceeding in error is from a judgment rendered in the district court of Osage county, Okla., March 17, 1920, adjudging that the defendant in error was entitled to immediate possession of the premises involved and that the note and mortgage given by the defendant in error to the plaintiff in error F. B. Price on said premises constituted an Oklahoma contract and was usurious. and further judgment rendered in said district court on the 18th day of March, 1920, adjudging that the plaintiffs in error could not recover the value of permanent and lasting improvements placed on said premises to which the plaintiffs in error had acquired title through a foreclosure proceeding which, afterwards, was held void."

Further on in their brief they say:

"There were two jury trials had in the court below:

"1. Three questions were presented to the court and the jury at the trial, namely:

"(a) The right of the defendant in error, Florence H. Stumpff, to take posession of the premises involved, or, in other words, the ejectment of the plaintiffs in error.

"(b) The right of the defendant in error, Florence H. Stumpff, to recover rental and damages from the plaintiff in error, W. J. E. Harper.

"(c) The foreclosure of the mortgage given by the Stumpffs to the plaintiff in error F. B. Price and the defense of usury on the part of the defendant in error, Florence H Stumpff.

"2. The second jury trial or the second portion of the action involved two matters:

"(a) The right of the plaintiff in error W. J. E Harper to recover or be compensated for the valuable and lasting improvements placed on said premises and to recover or to be compensated for the taxes paid on the same.

"(b) The right of the plaintiff in error F. B. Price to recover or to be compensated for the sum of $655 which she paid for the sheriff's deed at the foreclosure sale and to be reimbursed or compensated for the taxes paid on said premises."

They then set out the following assignments of error:

"The following assignments of error are made and urged by the plaintiff in error F. B. Price:

"1. That the trial court erred in overruling the motions of the plaintiffs in error for a new trial.

"2. The trial court erred in the trial of the ejectment portion of the action in sustaining the motion of the defendant in error, Florence H. Stumpff, to withdraw from the the consideration of the jury all the evidence introduced on behalf of the plaintiff in error relating to the note and the mortgage executed and delivered by Florence H. Stumpff to F. B. Price.

"3. The trial court erred in refusing to give the requested instructions of the plaintiff in error F. B. Price in the trial of the ejectment portion of the action.

"4. The trial court erred in refusing and ruling out competent legal evidence on the part of the plaintiffs in error in the trial of the ejectment portion of the action.

"5. The court erred in sustaining the motion of the defendant in error to take from consideration of the jury the evidence as to the value of the permanent and lasting improvements placed upon the premises involved and in taking said matter from the

consideration of the jury.

"6. The court erred in refusing to give the requested instruction of the plaintiff in error F. B. Price in the occupying claimant portion of the action.

"7. The trial court erred in refusing to allow the plaintiff in error F. B. Price to introduce evidence to establish claim for the return of $655 and interest the eo1 the amount paid for the property involved at the foreclosure sale, and in refusing to submit said matter to the jury for their consideration in the trial of the occupying claimant portion of the action.

"8. The trial court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error in the trial of the occupying claimant portion of the action.

"9. The court erred in rendering judgment for the defendant in error upon the evidence adduced at the trial and of the measure of the plaintiff in error's recovery."

We have set out the various issues raised by the pleadings, the verdicts and judgments entered upon the two trials, and the contentions of the plaintiffs in error as set out in their assignments of error, in order that the questions presented by the motion to dismiss may be fully understood. The cause of action of the plaintiffs in error under the occupying claimant act did not accrue until there was a judgment in the ejectment action which had become final.

In Scott v. Potts, 60 Okla. 228, 159 Pac. 932, this court said:

"Under our practice, the question of the rights of an occupying claimant has no place in the trial of an action in the nature of ejectment. * * *.It is an express statutory right arising, by the very terms of the statute creating it, only after a better title than that of the defendant has been 'set up and proved,' and only after judgment has been rendered against such defendant."

In Wolcott v. Smith, 33 Okla. 249, 124 Pac. 971, this court said:

"The remedy provided for in this statute is full and complete, and is entirely applicable to this case. The defendants, holding as occupying claimants, were not entitled to introduce their evidence or have their rights adjudicated on the trial of this action. A similar statute obtains in the state of Missouri. That court has in a number of cases held that a claim for improvements made by an occupying claimant is intended to be an independent proceeding, and can be instituted only after final judgment for possession shall have been rendered against the defendant in the suit for ejectment."

In Henderson v. Langley, 76 Mo. 226, the court said:

"The claim for improvements made under the sections cited cannot be presented or heard in the action of ejectment. It is intended to be an independent proceeding, ano can only be instituted after final judgment of dispossession shall have been rendered against defendant in the suit of ejectment."

In Mack v. Price, 35 Kan. 134, the court said:

"Where a defendant who is defeated in an action in the nature of ejectment, after the verdict is rendered, files in the office of the clerk of the district court a written request for the benefit of the occupying-claimant law, and the judgment recites that the defendant has made a claim for improvements as an occupying claimant, but such defendant stops with said request, and does not demand a jury for the assessment of his improvements, and excepts to the findings of fact and conclusions of law, and to the judgment rendered, and also obtains time in which to make and serve a case to review the rulings of the trial court, held, such defendant is not estopped by the steps so taken by him from instituting and maintaining proceedings in error to reverse the judgment rendered in the action against him."

The plaintiffs in error in a supplemental brief cite Wells v. Shriver, 81 Okla. 108, 197 Pac. 460, to sustain their contention that the appeal is not double. We quote from the syllabus as follows:

1. "Under the Oklahoma Code of Civil Procedure there can be but one judgment in an action."

2. "A 'judgment' is the final determination of the rights of the parties in an action. To constitute a judgment under the Code, it must judicially determine all of the issues raised by the pleadings except such as are waived or abandoned on the trial of the case."

3. "A judgment must not only determine the rights of the parties in an action, but must conclude all further inquiry into the issues joined by the pleadings and leave nothing further to be done except carry it into execution."

Plaintiffs in error say:

"In this case it cannot be contended that all the rights were settled until the claims of the occupant were determined by the trial court."

The issue presented to the court in an action in ejectment is the right of possession. A defendant in such an action may admit title in the plaintiff and right of possession and then plead facts which would entitle him to recover under the occupying claimant act. If this were done, the court could try out the question of defendant's right to recover under the occupying claimant act in the first instance; that would be the only issue in the case, and there would be nothing else to try. But, where the defendant denies title

and right of possession in the plaintiff, and also sets up a claim under the occupying claimant act, and goes to trial on the issue of plaintiff's right of possession, that is the only issue before the court for trial in that action. The issue tendered by the defendant in his answer claiming the right to recover under the occupying claimant act is not properly before the court and cannot be considered by the court until a judgment for possession has been rendered by the court and such judgment has become final. As stated in Henderson v. Langley, supra:

"It is intended to be an independent proceeding, and can only be instituted after final judgment of dispossession shall have been rendered against defendant in the suit of ejectment."

From this it is clear there can be but one judgment in the action, as stated in Wells v. Shriver, supra. That one judgment finally disposes of all the issues raised by the pleadings and leaves nothing to be done but to carry the judgment into execution. The trial court may permit the defendant to file a petition in that action in which he sets up a state of facts that would entitle him to recover under the occupying claimant act, and the plaintiff could file his answer thereto, and the issues thus raised be tried in the original case, but it would be in effect a new proceeding or a new action. Or the court may, as was done in this case, permit the answer of the defendant to stand as the petition and the reply of the plaintiff to be considered as the answer.

Mr. Burnette, one of the attorneys for the plaintiffs in error, defendants below, stated in the record:

"It is agreed between the parties, Florence H. Stumpff and W. J. E. Harper, that the pleadings in this case may be treated as the demand of the defendants for the right to recover for improvements under the occupying claimants law: * * *"

Thus they clearly recognize the necessity of an agreement to use these pleadings to try the issues under the occupying claimants act. The plaintiffs in error did not have a right to try the issues under the occupying claimants act until the judgment against them in ejectment had become final. Their cause of action did not accrue until the ejectment judgment became final. That judgment was a necessary part of their cause of action. They had a right to treat the judgment as final and then try the issues raised under the occupying claimants act, or they had a right to appeal from the judgment in ejectment, but they could not do both. The right to recover under the occupying claimants act is inconsistent with a claim of owner-

ship and right of possession.

This appeal cannot be maintained, for it seeks to reverse two judgments in one appeal. By this appeal, the plaintiffs in error are asking this court to reverse the first judgment and decree them to be the owners of the land and entitled to hold possession. By this same appeal, they are asking this court to reverse the second judgment and hold they are entitled to recover from the defendant in error under the occupying claimants act for the value of the improvements placed on the land which they are asking this court to say belongs to them. These two judgments were not consolidated, and in their nature could not be consolidated. This is not like where two cases have been consolidated in the trial court and have been appealed under one petition in error and one case-made.

The plaintiffs in error had the election of remedies; to either defer the trial of their right to recover under the occupying claimants act and appeal to this court from the first judgment, or waive their right of appeal from that judgment, treat it as final, and then try the issues under the occupying claimants act. If on the last trial, they felt themselves aggrieved, they could appeal from that judgment, but they cannot pursue both remedies and appeal from both judgments at the same time and in one appeal.

The plaintiffs in error having failed to elect which remedy they would pursue, it is not the duty of this court to make the election for them. Where the parties have undertaken by one appeal to reverse two or more judgments, the appellate court has uniformly dismissed the appeal.

In 3 Corpus Juris, 354, section 108, the text reads:

"Two separate and distinct causes, which have not been consolidated in the trial court otherwise than for convenience in trying them, cannot be brought up for appellate review by one appeal, or by one writ or error."

The above text is supported by the following authorities:

"An attempted appeal by plaintiffs from an order vacating a judgment in their favor, and from a judgment in favor of defendant on a second trial will be dismissed for duplicity." Ewing & Harsch v. Lunn (S. D.) 109 N. W. 642.

"In an action for violation of a city ordinance, an order was entered on motion of defendant's attorney, after the case had been taken under advisement, to submit on the evidence produced two other cases against defendant for violation of other ordinances. Held, that the order did not con-

solidate the cases for trial and purposes of appeal, and assignments of error pertaining to the two cases not tried could not be considered on appeal from the case tried." La Fitte v. City of Ft. Collins (Colo.) 93 Pac. 1098.

"A single appeal from separate judgments in separate actions on restraining order bonds must be dismissed on motion, where the parties and the issues were not the same." Oerter et al. v. Georger et al. (Wash.) 126 Pac. 103.

"If the notice of appeal is to control, it is an attempt to bring up in one appeal an order made in a proceeding for the settlement of the estate of a deceased person, and two orders made in separate and independent actions, with one undertaking. The provisions of the statute concerning appeals require an appellant to furnish a written undertaking, with at least two securities, to the effect that he will pay all damages and costs which may be awarded against him on the appeal, not exceeding $300. Section 3436, Cutting's Comp. Laws. This provision is intended for the security of the respondent, and would be evaded by embracing in one appeal judgments, orders, or proceedings in separate causes. The statute contemplates a separate appeal for each case, unless an order consolidating causes has been made in the trial court." Griswold v. Bender (Nev.) 75 Pac. 161.

"Nothing remains for remark except to advert very briefly to certain irregularities which appear in the proceedings. Judgment was rendered in the first suit before the parties went to trial in the second, and yet the defendants were allowed to file eight bills of exceptions, which purport to be applicable to each of the two cases; and the judgment in each case is removed here by one writ of error, though the transcript does not show that the two cases were ever consolidated. Such proceedings are palpably irregular; but, inasmuch as they are not the subject of objection by either party, the court has decided to exercise jurisdiction and dispose of the controversy." Brown et al. v. Spofford et al., 95 U. S. 474, 24 L. Ed. 508.

"Where two separate actions depending on the same facts were consolidated and tried together for convenience only, but the verdicts and judgments were separate, it was improper to include both in a single writ of error." Louisville & N. R. Co. v. Summers. 60 C. C. A. 487.

"Where a verdict was rendered for the defendant in each case and plaintiff appealed and brought up the six judgments in a single transcript, although the citation of appeal recited the trial of the cases, the judgment for defendant, and the application by and allowance of an appeal to plaintiff in each case, an agreement by the parties that the six separate actions involving the same facts should be tried at the same time before the same jury, and that a separate verdict should be rendered in each case, and that all exceptions taken should be considered as taken in each case, as far as possible, and if a similar verdict was rendered in each case, the losing party might appeal all the cases in one transcript and on one bill of exceptions, so that all questions could be considered so far as possible on one appeal, did not amount to a consolidation of the actions, and the parties could not stipulate to bring up the six judgments in one transcript, a separate transcript being essential to each appeal; the result is that the appeal will be dismissed." Mobile Improvement & Building Co. v. Stein, 158 Ala. 113.

"Where two common-law actions, in favor of different plaintiffs against the same defendant, were tried together before the same jury, in accordance with an order of court that they be 'consolidated and tried together,' and a separate judgment of nonsuit was rendered in each case, this court has no jurisdiction of a single bill of exceptions, jointly sued out by the plaintiffs, wherein it is sought to have both judgments reviewed; and the writ of error must be dismissed. For want of jurisdiction in such a case, this court cannot entertain a motion made by one of the plaintiffs in error that his name be stricken from the bill of exceptions and that the case proceed in the name of the other plaintiff in error." Center et al. v. Fickett Paper Co., 117 Ga. 222.

"The mere fact that several separate and distinct cases 'arising under the same contract,' and being between the same parties, were, 'by agreement, tried together' before the judge 'presiding as judge and jury,' did not have the effect of consolidating these cases into one, so as to authorize the losing party, by a single bill of exceptions to bring to this court for review the judgments severally rendered in such cases in the court below." Wells et al. v. Coker Banking Co., 113 Ga. 857.

"Where two cases in favor of the same plaintiffs against different defendants were pending in the same court, and the issues involved in them and the evidence relative thereto were so nearly identical as to render it practicable to try the cases together before the same jury and at the same time, it was competent for the court, with the consent of counsel, to pass an order that these cases be consolidated to the extent of trying them together. Such a trial having been had and a separate judgment of nonsuit having been entered up in favor of each defendant, the plaintiffs had the right to except separately to such judgments. Where, however, the plaintiffs brought but a single bill of exceptions to this court and sought thereby to review both the judgments. the writ of error must be dismissed. for this court has no jurisdiction to entertain it. Western Assurance Co. v. Way, 98 Ga. 746.

# HARPER v. STUMPFF

and cases cited; Dickey v. State, 101 Ga. 572; Erwin v. Ennis, 104 Ga. 861; Hicks v. Walker, 105 Ga. 480; Haralson County v. Pittman, 105 Ga. 513. Writ of error dismissed. All concurring, except Lewis, J., absent." Walker et al. v. Conn & Company et al., 112 Ga. 314.

"It is inadmissible to join in one appeal several distinct judgments affecting different parties, though made in the same case." Renn et al. v. Samos et al., 42 Tex. 104.

"An agreement between the parties to two separate and distinct suits that they might be tried together in the lower court is no agreement that the two causes might be tried together upon appeal, and a single transcript containing the record of both cases will, upon motion, be stricken from the files." Mohr et al. v. Cochran et al., 20 Tex. Civ. App. 183.

"Separate judgments by the appellate court, one denying leave to file a petition for mandamus to compel a circuit judge to sign a bill of exceptions in a suit at law and the other dismissing the appeal in the suit at law on a short record, upon motion of the appellee, cannot be reviewed together upon a single appeal, where the cases were not consolidated. * * * An appeal which seeks to bring up for review two separate judgments of the appellate court against the same party will be dismissed by the Supreme Court, on motion of the appellee, without considering either one of the cases involved." Kennedy v. The Court of Honor, 234 Ill. 43.

"Separate petitions were filed by purchasers of separate tracts of land against an administrator, for writs of assistance, and separate answers and replies filed. No order consolidating the causes was made, but the record recited that, by agreement, the evidence was heard at the same time in both matters, and that the findings of facts and conclusions of law should be embodied in one instrument, with the same effect as if found separately in each case. Held, that defendant could not incorporate both causes in one transcript and one appeal." Roach v. Baker et al. (Ind.) 44 N. E. 303.

"Several judgments cannot be included in one transcript, and brought to the Supreme Court on appeal, simply because they are between the same parties, and relate to the same subject-matter. The transcripts must be distinct, and must be separately certified." Rich v. Starbuck, 45 Ind. 310.

"The practice of asking the Appellate Division to review upon a single record judgments and orders denying motions for new trials, entered in separate actions involving different parties, is obnoxious to the court." Tuffey et al. v. Brooklyn Union Gas Company, 102 App. Div. (N. Y.) 416.

"Where two actions involving the same questions have been tried together and appeals are taken from the judgments rendered in such actions, separate records should be prepared for the purposes of the respective appeals." O'Gorman v. N. Y. & Queens County Ry. Co., 96 App. Div. (N. Y.) 594.

"When three separate and distinct cases are tried in the common pleas at one time and before the same jury, but with no consolidation of the action, the records in the three cases cannot be brought up for review by a single appeal and writ. If this is attempted the appeal will be quashed." McCosh v. Myers, 25 Pa. Sup. Ct. 61.

Prinz et al. v. Moses (Kan.) 66 Pac. 1009; Waters-Pierce Oil Co. v. Van Elderen et al., 70 C. C. A. 255, 137 Fed. 557; Hidy Brothers et al. v. Hanson, 116 Iowa, 8, 89 N. W. 36; Harris v. Sweetland, 48 Mich. 110, 11 N. W. 830; Williams et al. v. C. & W. R. R. Co., 144 N. C. 498, 57 S. E. 216; Kaier Co. v. O'Brien, 202 Pa. St. 153, 51 Atl. 760; M., K. & T. Ry. Co. v. Davison (Tex. Civ. App.) 55 S. W. 188; Giller v. West (Ind.) 69 N. E. 548; Wynn v. Tallapoosa County Bank, 168 Ala. 469; Appeal of Adamson et al. (Pa.) 1 Atl. 327; Kimmel v. Johnson, 18 Pa. Sup. Ct. 429; Stout v. Quinn et al., 9 Pa. Sup. Ct. 179; Harris v. Harris, 2 R. I. 538; Bragg v. Blewett et al. (Wis.) 74 N. W. 807.

Plaintiffs in error rely on the following authorities:

"An appeal by an administrator from an order of the district court, on appeal from the probate court, sustaining objections to his final report, and from a decree of distribution subsequently entered, is not objectionable on the ground that two separate actions are united in one appeal." In re Dewar's Estate (Mont.) 25 Pac. 1025.

"Although Code Civil Proc. Mont. § 444, which provides for appeals from final judgments of the district court, 'or any part thereof,' does not apply to an order denying a change of venue, yet when two appeals are taken from such an order, and each is an appeal from the whole order as well as a part thereof, and the transcript embodies every act of the court and the testimony which was adduced, such appeals will be entertained and treated as one appeal." In re Davis' Estate (Mont.) 27 Pac. 342.

"Where actions are consolidated in the district court, and the order of consolidation provides that such actions are consolidated for the purpose of trial only, but thereafter the trial court and the parties treat the proceedings as a single case, and pleadings are filed as though but one case is pending, and the court enters a single judgment, from which but one appeal is prosecuted, it is not necessary to docket two appeals in this court." Palmer et al. v. Town of Farmington et al. (N. Mex.) 179 Pac. 227.

"Several interlocutory orders made in the same cause, granting an injunction or overruling a motion to dissolve an injunction, may be included in a single appeal, taken within the time prescribed by statute as to each order." Gagnon et al. v. French Lick Springs Hotel Co. (Ind.) 72 N. E. 849.

It does not require any explanation of the foregoing cases to distinguish them from the case at the bar and show that they are not in point. It is suggested that defendant in error consented to the trial of the issues involving the occupying claimants act and has assented to the proceedings by which this appeal has been taken, because she did not object to the settling and signing of the case-made and has made no objection until after the appeal was lodged in this court. The defendant in error did consent to try out the issues under the occupying claimants act, but she had a right to assume, and no doubt not only the plaintiff in the court below but the trial court did assume and believe, that the defendants in the court below were assenting to the verdict and judgment on the first trial and were waiving their right to appeal from it. The defendant in error had nothing to do with the filing of the motions for a new trial. She had no legal right to object to their being filed. When the case-made was served it set out all the pleadings filed in the case and the evidence introduced at both trials. It was not necessary for the defendant in error to make any objections and point out that certain evidence or certain pleadings were not necessary to review the questions the plaintiffs in error might desire to present in the Supreme Court. Not until the plaintiffs in error filed their petition in error in the Supreme Court would the defendant in error be apprised that the plaintiffs in error were attempting to appeal from both of the judgments. Therefore it appears that the defendant in error made objection at the first opportunity, and cannot be said to have waived any right to object, or consented to the attempted double appeal.

For the reasons stated, this appeal cannot be maintained, and it is hereby dismissed.

HARRISON, C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur.