## WEBB v. VADEN et al.

No. 8196.   Opinion Filed June 24, 1919.

Rehearing Denied Sept. 9, 1919.

(Syllabus by the Court.)

1. **Judgment—Res Adjudicata.**

In all cases except those mentioned in section 5125, Rev. Laws 1910, upon trial of the action, the decision must be upon the merits.

2. **Same—Former Adjudication.**

In an action to foreclose a mortgage lien, it is error to dismiss the action on a motion alleging former adjudication. In such case, if upon proper proof the plea of res adjudicata is sustained, judgment should be for defendants upon the merits.

3. **Same—Res Judicata—Burden of Proof.**

The burden of proof rests upon the party who alleges a former adjudication.

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Castella Webb, a minor, by Stalie Webb, her guardian, against E. W. Vaden and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded for new trial.

Former opinion, reported in 166 Pac. 1045, withdrawn.

Burford, Miley, Hoffman & Burford, and G. W. Hutchins, for plaintiff in error.

Randolph, Haver & Shirk, for defendants in error.

OWEN, C. J. Plaintiffs brought this action to foreclose a mortgage lien on certain described premises in the city of Tulsa. A motion was filed by one of the defendants, alleging, in substance, that in another cause plaintiffs were enjoined and restrained from as-serting any right, title, or interest in the described premises, and praying plaintiffs be cited for contempt of court and their petition dismissed with prejudice. Upon consideration of this motion the action was dismissed with prejudice. From that judgment plaintiff appeals.

The only question necessary for determination is whether the court erred in dismissing the action on consideration of the motion. There is considerable discussion in the briefs as to whether the motion amounted to a plea of res adjudicata. We deem it unnecessary to determine that question. Even assuming it was sufficient as such plea, it was error for the court to dismiss the action. State ex rel. Morrison v. City of Muskogee, 70 Oklahoma, 172 Pac. 796. Our statute (section 5125, Rev. Laws 1910) provides for the dismissal in certain instances and also provides that in all other cases, upon the trial of the action, the decision must be upon the merits. Case v. Hannahs, 2 Kan. 490. The burden of proof rests upon the party who alleges a former adjudication. Van Fleet's Former Adjudication, p. 606. Had the court treated the motion as such a plea, and upon proper proof sustained the same, and rendered judgment for defendants, that would have amounted to a decision on the merits. But it does not appear that any such action was taken. There is nothing in the record indicating any evidence was heard on the plea. The recital is that upon consideration of the motion it was adjudged defendants were entitled to have the action dismissed with prejudice.

The judgment of the lower court is reversed. and the cause remanded for a new trial.

KANE, RAINEY, HARRISON, and JOHNSON, JJ., concur.