## CALLAHAN v. NIDA.

No. 10682—Opinion Filed May 23, 1922.

Rehearing Denied July 11, 1922.

(Syllabus.)

1. **Appeal and Error—Duplicitous Appeal—Dismissal.**

Where three separate actions between the same parties were tried together for convenience only, but separate verdicts and judgments were entered, and the plaintiff prosecutes one appeal upon one petition in error and one case-made, such appeal may be dismissed for duplicity.

2. **Same.**

Record examined, and held, that the assignments of error are without merit and the appeal should be dismissed.

Error from District Court, Logan County; John P. Hickam, Judge.

Actions by J. Y. Callahan against E. V. Nida. Judgments for defendant, and plaintiff brings error. Appeal dismissed.

Pearson & Baird, for plaintiff in error.

John Adams, for defendant in error.

KENNAMER, J. J. Y. Callahan, plaintiff in error, prosecutes this appeal against E. V. Nida, defendant in error, to reverse two distinct judgments rendered in favor of the defendant in error in the district court of Logan county wherein three different causes of action were tried together before the same jury.

The record discloses that J. Y. Callahan commenced an action of forcible detainer against E. V. Nida before a justice of the peace, which resulted in a judgment in favor of the plaintiff, from which judgment the defendant, Nida, appealed to the district court. That after said cause had been filed in the district court on appeal, the plaintiff, Callahan, commenced a replevin action against Nida to recover possession of a number of cattle, hogs, etc., and that the plaintiff, Callahan, instituted a second replevin action against the defendant, Nida, in the district court to recover possession of certain household goods, cream separator, and soudan grass seed. It appears that all three

of the actions were instituted about February, 1918. That in December, 1918, the parties by consent proceeded to try the three actions at the same time before the same jury for the convenience of the parties. No order of the court was made consolidating the actions. The jury returned a separate verdict in the unlawful detainer action in favor of the defendant.

The defendant made no claim to the right of possession to the property replevied in the two replevin actions on the date of the trial, but had filed an answer in the actions pleading that he was entitled to certain damages in each of the cases. The jury returned a single verdict in the replevin actions, finding in favor of the defendant for damages. The trial court entered two distinct judgments upon the two verdicts of the jury in the three causes. The plaintiff filed two different motions for a new trial, which were overruled by the court.

To reverse the judgments of the trial court, this appeal has been prosecuted by filing one petition in error in this court and case-made of the record.

The three actions were instituted by the plaintiff, Callahan, by reason of a controversy having arisen between him and the defendant, Nida, with respect to the use and occupancy of certain lands owned by Callahan by Nida. It appears that in August, 1917, Callahan made an oral contract with Nida to work the land of Callahan and look after certain live stock of Callahan's, which he had upon the land, including about 20 head of Holstein milch cows. That Callahan undertook to dispossess Nida about February, 1918, and on account of a dispute between the plaintiff and defendant as to the terms of the contract entered into, the plaintiff instituted the three actions against the defendant, which resulted in the judgments rendered by the trial court upon the verdicts of the jury.

We are clear that this appeal should be dismissed, for the reason the petition in error discloses on its face that the plaintiff seeks to have this court review by one petition in error two distinct judgments determining three different causes of action, which were never consolidated by the trial court. It is true the parties, for convenience, submitted the three different causes of action to the same jury upon the same evidence, but it has been held that where three cases are tried together and the same evidence was presented by consent of the parties and a single decree entered, and the pleadings, taken together, make issues to which the decree is responsive, the cases on appeal will

be treated as if an order of consolidation had been made. Brammell v. Adams, 146 Mo. 70, 47 S. W. 931. But in the instant case two distinct judgments were rendered, and we can conceive of no actions where the issues raised by the pleadings could be more distinct than in an unlawful detainer action and a replevin action.

In the case of Louisville & N. R. Co. v. Summers, 125 Fed. 719, the Circuit Court of Appeals of Sixth Circuit held:

"Where two separate actions depending on the same facts were consolidated and tried together for convenience only, but the verdicts and judgments were separate, it was improper to include both in a single writ of error."

This court in the case of Harper et al. v. Stumpff, 84 Okla. 187, 203 Pac. 194, held:

"Where the parties have undertaken, by one appeal upon one petition in error and one case-made, to reverse two or more judgments, this court will dismiss such an attempted appeal for duplicity."

We deem it unnecessary to again review the authorities in support of the rule that an appeal will be dismissed for duplicity, as in the case of Harper et al. v. Stumpff, supra, Mr. Justice Miller reviewed the authorities at great length.

In the case at bar we have examined the assignments of error and the briefs of the respective parties, and we are clear from an examination of the same and the record in the cause that there appears no reversible error in the record. Therefore, the appeal is dismissed.

HARRISON, C. J., and JOHNSON, MILLER, and NICHOLSON, JJ., concur.