### WEBB v. VADEN et al.

No. 11784—Opinion Filed Nov. 6, 1923.

Rehearing Denied Jan. 15, 1924.

**Judgment — Plea of Res Adjudicata—Finding.**

Where the defendant sets up by answer a valid plea of res adjudicata and the testimony supports such plea, a finding of the trial court that such prior adjudication is a bar, is not error.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Castella Webb, a minor, by Stalie Webb, her guardian, against E. W. Vaden and others. Judgment for defendants, and plaintiff brings error. Affirmed.

G. W. Hutchins, for plaintiff in error.

Randolph, Haver & Shirk and H. M. Gray, for defendants in error.

Opinion by LYONS, C. This cause was before this court and was decided in an opinion by Mr. Justice Owen on June 24, 1919, 75 Okla. 288, 183 Pac. 480. In that decision the court said:

"The only question necessary for determination is whether the court erred in dismissing the action on consideration of the motion. There is considerable discussion in the briefs as to whether the motion amounted to a plea of res adjudicata. We deem it unnecessary to determine that question. Even assuming it was sufficient as such plea, it was error for the court to dismiss the action. State ex rel. Morrison v. City of Muskogee, 70 Oklahoma, 172 Pac. 796. Our statute (section 5125, Rev. Laws 1910) provides for the dismissal in certain instances, and also provides that in all other cases, upon the trial of the action, the decision must be upon the merits. Case v. Hannahs, 2 Kan. 490. The burden of proof rests upon the party who alleges a former adjudication. Van Fleet's Former Adjudication, p. 606. Had the court treated the motion as such a plea, and upon proper proof sustained the same, and rendered judgment for defendants, that would have amounted to a decision on the merits. But it does not appear that any such action was taken. There is nothing in the record indicating any evidence was heard on the plea. The recital is that upon consideration of the motion it was adjudged defendants were entitled to have the action dismissed with prejudice."

After the reversal, the defendants answered, setting up the defense of res adjudicata, and upon the trial of the cause the lower court held that this action was barred by the former adjudication. The evidence supports the finding of the court, and it is our view that the judgment must be sustained.

In the former adjudication it appeared that the minor, plaintiff in this action, had a valid mortgage upon the property which is the subject-matter hereof. The owners of a mechanic's lien, which was junior and inferior to the mortgage, brought suit to foreclose the lien. The court in that action appointed a guardian ad litem, who defended for the minor.

It appeared that the mortgagor had made a deed conveying the mortgaged premises to Stalie Webb, who was the guardian of the minor. The guardian was required to convey the premises to the minor, and the guardian ad litem thereupon asserted the ownership of the fee to be in the minor (plaintiff in error here). Upon a foreclosure of the mechanic's lien the premises were sold at sheriff's sale and a deed made to the purchaser.

The result of the sale did not net any overplus above the indebtedness on which the mechanic's lien was based, and the court costs. The result of this transaction was that the minor's mortgage, which was prior to the mechanic's lien, was wiped

out without any payment whatever to the mortgagee.

This result does not commend itself to a court of equity, which is zealous to protect the rights of minors.

However, this action is merely an action for foreclosure of the minor's mortgage, and not an action to vacate the former judgment. We cannot say that the former proceedings were void, and therefore we sustain the judgment of the lower court based on the plea of res adjudicata.

We especially reserve from decision in this action questions which might arise if a proper action in equity had been brought to vacate the former judgment.

We have reluctantly concluded that the plea of res adjudicata must be sustained, and the judgment of the trial court is affirmed.

By the Court: It is so ordered