## WOLFE v. FREEMAN.

No. 12929—Opinion Filed Dec. 9, 1924.

Rehearing Denied Feb. 24, 1925.

### Judgment—Vacation on Ground of Fraud— Sufficiency of Petition.

Where a petition or motion to vacate a judgment is seasonably filed in the same court in the same cause in which the judgment was rendered, and where said petition or motion sets forth facts sufficient to state a good defense, and further sets forth facts sufficient to constitute fraud, both actual and constructive, in the procurement of said judgment, held, that sustaining of a de-

murrer to said petition or motion for a vacation of judgment is error.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garvin County; G. M. Barrett, Assigned Judge.

Action between Ila May Wolfe, a minor, by E. N. Nesbitt, guardian, and W. M. Freeman. From the judgment, the former appeals. Reversed and remanded.

Carr & Henderson and W. H. Woods, for plaintiff in error.

Bowling & Farmer, for defendant in error.

Opinion by LYONS, C. A judgment of the district court was rendered in a cause in which W. M. Freeman was plaintiff and Ila May Wolf, a minor of Indian blood, and others, were defendants. By the terms of the judgment Ila May Wolfe, a minor, was adjudged to be the owner of certain lands, which had been received by her brother, an Indian citizen, as his allotment, said lands having thereafter been inherited by the father of said child and conveyed by him by conveyances duly approved by the proper county court, acting as a federal agency, to Ila May Wolfe. Freeman had claimed said lands under void deeds.

The judgment of the trial court, which it is conceded was rendered by consent against the minor, whilst it adjudged the minor to be the owner of said lands, created a lien in favor of Freeman in the sum of $5,200, and ordered a sale of the lands to satisfy said lien. Pursuant to said judgment the lands were sold for less than the amount of the lien, and acquired by Freeman. Thereafter, and within two years from the date of the judgment, a petition to vacate judgment was filed on behalf of the petitioner, Ila May Wolfe, a minor, by her next friend and legal guardian, E. N. Nesbitt, praying the court to vacate said former judgment and proceedings had thereunder for fraud.

This petition sets forth specifically that the minor was not indebted to Freeman in the sum of $5,200 or any other sum; that in the event Freeman had any claim against said lands the minor was entitled to a credit and surcharge for rentals and wrongful use and occupation thereof in a greater sum than any claim of Freeman. It is further alleged in said petition that Freeman's judgment was secured by fraud and misrepresentation; that Freeman induced the father of said minor to remain away from

said trial. A detailed statement of the evidence which would have been given by said witness, the father of said minor under whose void deeds Freeman claimed, is set out. This evidence was material to combat any claim of Freeman of an indebtedness sufficient to support a lien, and if true would have defeated any such claim. It is further alleged that the judgment was taken by consent; that no trial was had; that the judgment was taken on the unauthorized warrant of attorneys, and for a judgment far in excess of the judgments demanded in the pleadings. The trial court sustained a demurrer to the petition for a vacation of said judgment. The proceedings to vacate the judgment under section 812, Comp. Stat. 1921, were timely.

The petition, or motion, for the vacation of said judgment states facts which, if true, constitute a good defense to Freeman's claim, which was the basis of the lien the foreclosure of which gave him a title to the lands. The petition, or motion, for the vacation of the judgment avers that Freeman had no valid indebtedness against said land, and avers further that any claim which he might have asserted was offset by a proper allowance for the wrongful use and occupation by him.

Fraud is alleged sufficiently, to wit: (1) The corrupt procuring of a material witness to absent himself from the trial; (2) the consent judgment which was plainly against the interests of the minor, since under said judgment said minor's rights were totally divested without contest. The taking of such proceeding must be deemed to be legal or constructive fraud. See Pomeroy's Equity Jurisprudence (Third Ed.) vol. 2, sec. 922, page 1661.

We agree that in general a consent judgment against a minor may be sustained under the authority of the rule of Thompson v. Maxwell Land Grant & R. Co., 42 L. Ed. 539. However, in this case a court of equity, which is zealous to protect minors, cannot shut its eyes to the facts, which are: (1) That Freeman had fastened a cloud on the lands by securing void deeds, contrary to the laws of the United States. (2) That a supposed lien arose by virtue of such wrongful proceeding, and possession had under said void deeds. (3) That by reason thereof Freeman succeeded under the judgment of the court in completely divesting the title of the minor. (4) That a proper investigation by the guardian ad litem, by the attorneys representing the minor, or by the learned court itself—all of the foregoing being charged with the duty of protecting said minor's interest—would have disclosed the impropriety of rendering a consent judgment which would immediately divest the minor's interest.

It must be conclusively presumed that had the learned trial court been advised that the amount of the lien equaled the entire value of the land, the court never would have permitted a consent judgment to have been rendered.

This situation has been discussed in a former opinion of this court in the case of Webb v. Vaden, 94 Okla. 293, 223 Pac. 1031, where the following was said:

"In the former adjudication it appeared that the minor, plaintiff in this action, had a valid mortgage upon the property which is the subject-matter hereof. The owners of a mechanic's lien, which was junior and inferior to the mortgage, brought suit to foreclose the lien. The court in that action appointed a guardian ad litem, who defended for the minor.

"It appeared that the mortgagor had made a deed conveying the mortgaged premises to Stalie Webb, who was the guardian o. the minor. The guardian was required to convey the premises to the minor, and the guardian ad litem thereupon asserted the ownership of the fee to be in the minor (plaintiff in error here). Upon a foreclosure of the mechanic's lien, the premises were sold at sheriff's sale and a deed made to the purchaser.

"The result of the sale did not net any overplus above the indebtedness on which the mechanic's lien was based, and the court costs. The result of this transaction was that the minor's mortgage, which was prior to the mechanic's lien, was wiped out without any payment whatever to the mortgagee.

"This result does not commend itself to a court of equity, which is zealous to protect the rights of minors. However, this action is merely an action for the foreclosure of the minor's mortgage, and not an action to vacate the former judgment. We cannot say that the former proceedings were void, and therefore we sustain the judgment of the lower court based on the plea of res adjudicata.

"We especially reserve from decision in this action questions which might arise if a proper action in equity had been brought to vacate the former judgment.

"We have reluctantly concluded that the plea of res adjudicata must be sustained, and the judgment of the trial court is affirmed."

In the foregoing case this court was ob-

liged to affirm the decision of the lower court on the plea of res adjudicata. In this case, however, the wrongful judgment by which a minor's title has been divested is attacked by a direct proceeding in the same cause and in the same court which rendered the judgment.

The trial court should have overruled the demurrer to the petition to vacate the judgment, should have heard the evidence, and if the allegations in said petition are sustained, the relief therein prayed for should be granted.

Upon a new trial the guardian ad litem should be instructed to contest Freeman's claim in accordance with the well-known equitable principles for the protection of the rights of minors.

The judgment of the lower court is reversed and remanded, with directions to proceed in conformity with the views herein expressed.

By the Court: It is so ordered.