## HOWE et ux. v. FARMERS & MERCHANTS BANK.

No. 16459—Opinion Filed Nov. 17, 1925.

Rehearing Denied Feb. 23, 1926.

(Syllabus.)

1. Appeal and Error — Consolidation of Causes—Perfection of Appeals as Prerequisite.

The gist of a motion to consolidate is the pendency of two or more cases in this court which might properly be considered together, and where only one appeal to this court is perfected a motion to consolidate same with another case not filed nor docketed in this court will be denied.

2. Appeal and Error — Dismissal — Duplicitous Appeals—Unauthorized Alteration of Case-Made.

A case-made which has been altered or changed by the insertion of new matter after same has been settled by the trial judge and without notice to the opposite party will

be treated as a nullity and not considered by this court, and when it appears that such new matter constitutes a purported case-made in another case between the same parties and the party appealing is attempting to reverse two separate judgments upon one case-made and one petition in error, said attempted appeal is duplicitous and will be dismissed.

Appeal from District Court, McIntosh County; E. A. Summers, Judge.

R. D. Howe, for plaintiffs in error.

Clark Nichols, for defendant in error.

HUNT, J. This appeal comes from the district court of McIntosh county. The purported case-made with petition in error attached was filed herein on May 29, 1925, and at the same time and as a part of said case-made and attached thereto a paper denominated "Motion to consolidate cases Nos. 4141 and 4142" was filed. An examination of the case-made discloses that it is a combination of two case-mades, being of cases 4141 and 4142 in the district court of McIntosh county. Before a motion to consolidate in this court will lie, there must be two separate appeals here duly filed with separate case-mades and separate petitions in error attached and docketed under separate numbers. Motion to consolidate in this court, therefore, will have to be denied for the reason that there being only one appeal here, there is nothing to consolidate.

Defendant in error has filed its motion to dismiss this appeal for the reason that same is duplicitous, citing Wade v. Gould, 8 Okla. 690, 59 Pac. 11; Harper v. Stumpff, 84 Okla. 187, 203 Pac. 194; Callahan v. Nida, 86 Okla. 279, 207 Pac. 966, and the recent case of Harris v. Farrar, No. 16447 (decided Sept. 15, 1925 (petition for rehearing pending).

In this case separate judgments were rendered in the trial court in cases No. 4141 and 4142, and plaintiff in error even had separate case-mades prepared, each of which was duly settled and signed by the trial judge, and then attempted to combine same as one case-made without notice to defendant in error or without any further proceedings in the trial court, and filed same in this court with only one petition in error, thus attempting to bring into this court two cases on one case-made and one petition in error.

This court in the early case of Ryland et al. v. Coyle, 7 Okla. 226, 54 Pac. 456, held:

"A case-made for the Supreme Court cannot be amended or supplemented in the Supreme Court by inserting anything therein

or attaching anything thereto which did not belong to the case-made and constitute a part thereof when it was originally settled and signed by the judge and attested by the clerk below."

The case-made herein shows that there have been some 49 pages inserted therein and attached thereto since same was settled and signed by the trial judge, said 49 pages purporting to be a case-made in cause No. 4142 in the district court of McIntosh county between the same parties, but said purported case-made is no more a part of the case-made herein than a record in some other case between other and different parties would have been.

This court has followed the rule laid down in the case of Ryland v. Coyle, supra, Wade v. Gould, supra, Callahan v. Nida, supra, and in Harper v. Stumpff, supra, wherein the court said:

"Where the parties have undertaken, by one appeal upon one petition in error and one case-made, to reverse two or more judgments, this court will dismiss such an attempted appeal for duplicity."

The attempted appeal herein is clearly duplicitous and must be dismissed.

In the consideration of this motion to dismiss it became necessary to examine the purported case-made and the petition in error attached thereto, which indicated that it referred only to the judgment rendered in case No. 4141 in the district court of McIntosh county, and assuming that it does refer to said judgment and after examining said record and considering the brief of plaintiff in error in connection therewith, we have no hesitancy in saying that this appeal appears to be wholly without merit.

For the reasons above stated, the motion to dismiss appeal is sustained.

All the Justices concur, except HARRISON, J., absent and not participating.

Note.—See under (1) 1 C. J. p. 1133, § 339 (Anno). (2) 3 C. J. p. 355, § 109; 4 C. J. pp. 344, § 1982 (Anno) ; 371, § 2034.