## HOWE et ux. v. FARMERS & MERCHANTS BANK.

No. 17975. Opinion Filed Oct. 25, 1927.

Rehearing Denied Feb. 7, 1928.

(Syllabus.)

1. **Judgment—Grounds for Vacation—Misinterpretation of Court's Language not "Unavoidable Casualty."**

The failure of a party to properly interpret plain and unambiguous language of the trial court is not an unavoidable casualty within the meaning of subdivision 7, section 810, C. O. S. 1921, and the petition to vacate judgment alleging such grounds only is properly denied.

2. **Same—Defenses Adjudicated on Appeal not Available on Subsequent Petition to Vacate Judgment.**

Where grounds of defense have been alleged, the issues tried and judgment rendered thereon in the trial court and appealed to the Supreme Court and here reviewed and the appeal is held to be without merit, such grounds are not available as a defense under the provisions of section 814, C. O. S. 1921, unless accompanied by an allegation of fraud in the procurement of judgment sought to be vacated.

Error from District Court, McIntosh County; E. A. Summers, Judge.

Action by the Farmers & Merchants Bank against R. D. Howe et ux. From the judgment denying a petition to vacate judgment, defendants appeal. Affirmed.

R. D. Howe, for plaintiff in error.

Clark Nichols, for defendant in error.

PER CURIAM. On the 25th day of August, 1924, the Farmers & Merchants Bank brought an action against R. D. Howe and Bertha Howe for recovery on a promissory note and for the foreclosure of a mortgage.

This cause is designated in the trial court as No. 4141. On the same day the said bank commenced an action in the trial court against R. D. Howe for recovery on various unsecured notes, which cause is designated in the trial court as No. 4142. The first cause herein designated, the issues being joined, was tried before a jury and submitted upon a single interrogatory, and the answer to the interrogatory returned by the jury was favorable to the said bank.

It appears from the pleading in this cause that the answer and defense set up by the defendants therein was the same in each case, and the cause designated as 4142 was submitted to the court upon the evidence adduced before the jury in the previous cause. The court adopted the findings of the jury, and rendered judgment against the defendants, R. D. Howe and Bertha Howe, in the first case. and against R. D. Howe in the second case.

An attempt was made to appeal these cases. The case-made in each was joined together and attached to one petition in error filed in this court and docketed as cause No. 16459.

The attempted appeal was dismissed because it was duplicitous. Mandate therein was issued to the district court of McIntosh county containing the following provisions:

"To the Honorable Judge of the District Court of McIntosh County in said State of Oklahoma:

"Whereas the Supreme Court of the state of Oklahoma did on the 17th day of November, 1925, render an opinion in the above-entitled cause appealed from the district court of McIntosh county, dismissing the appeal,

"Now, therefore, you are hereby commanded to cause such dismissal to show on record in your court and to issue such other process and to take such other and further action as may be in accord with the right and justice and said opinion."

After the mandate was received and filed by the clerk of the trial court, the said R. D. Howe and Bertha Howe filed in said court their petition to set aside these judgments, styled Farmers & Merchants Bank, Plaintiff, v. R. D. Howe and Bertha Howe, Defendants, case Nos. 4141 and 4142, under the seventh subdivision of section 810, C. O. S. 1921, and under section 812, C. O. S. 1921, caused summons to issue and be served upon the Farmers & Merchants Bank, and, set forth in said petition that by unavoidable casualty they were prevented from prosecuting the appeal to this court for the rea-

son that in the trial of the case No. 4142 in the district court the court made the following order:

"After the introduction of the notes the entire record in case No. 4141, so far as the same affects the question as to whether or not the $4,000 mentioned in the pleadings in this case and the evidence in cause No. 4141 will be taken and considered as the record in this case on the question as to whether or not the $4,000 was taken by the president of the bank as an individual to secure his individual liability and to indemnify him on account of his signing the supersedeas bond for the defendant, Howe, or whether taken by him as an officer of the bank as an escrow deposit, and the court will consider the record as the record of this case, and the cause will be submitted upon the offer of the notes and the record of case No. 4141, including the interrogatory and response and answer thereto by the jury.

"In this connection the court will say that he would not be bound by the response of the jury to the interrogatories, but the same will be by him as advisory, but as a matter of fact he will follow the answer of the jury no matter which way it goes. In other words, there is sufficient evidence to justify the jury in finding in favor of either the plaintiff or defendant, and whatever response the jury makes will control the judgment of the court in this case.

"All exceptions and questions of law reserved by the parties in case No. 4141 are also reserved in the record in this case, the same as if this case was tried by a jury and the record made up as in the other case and a response had and judgment rendered on the response"

—and assert that the above order was a consolidation of the two cases in the court below, and by such order they were led to believe that the two cases could be consolidated in the Supreme Court. The petition to vacate said judgment set forth therein alleged the petitioners to have a good and valid defense to the original action, and sets forth as said defense in substance the allegations of the answer filed to plaintiff's petition in the original actions.

Without sanctioning the procedure followed by the plaintiffs in error in filing one petition in the trial court to vacate these judgments, wherein the parties are not alike interested in both judgments, we shall determine the questions presented by this appeal with a view of settling this litigation.

We can see no ambiguity in the language of the trial court above set out, which the plaintiffs in error insist is an order of the court. The language used by the trial court was so used in the trial of the cause No. 4142, and plainly states that the introduction of the notes and the entire record in case No. 4141, in so far as it affects the particular question mentioned therein, together with the evidence in said cause No. 4141, will be taken and considered in this cause (4142), and that all exceptions and questions of law reserved by the parties in cause No. 4141 are also reserved in the record in this case (4142), the same as if tried by the jury, and the record made up as in the other case. There were no objections by the plaintiffs in error to the action of the trial court in this respect, and no exceptions taken thereto. The language used is not susceptible of misinterpretation, nor can it be considered by any reasonable interpretation as a consolidation of the actions. The record in the two cases was before the trial court when the petition to vacate these judgments was tried. The records as filed in this court show that cause No. 4141 was tried to a jury and an answer to a special interrogatory submitted was returned and a journal entry of judgment entered by the trial court in cause No. 4141. The language of the trial court shows the same to have been used after cause No. 4141 had been submitted to the jury, and the judgment rendered in cause 4142 was so rendered after the jury returned their special findings in cause No. 4141, and a journal entry of judgment entered therein shows the jury was waived and the cause submitted to the court. We find nothing in the record upon which to base the contention that the causes were consolidated in the trial court, and therefore it would be necessary to file separate appeals in this court as pointed out in the opinion filed in this court in said cause No. 16459, Howe et ux. v. Farmers & Merchants Bank, 114 Okla. 118, 248 Pac. 318. This rule had long before been announced. Harper et al. v. Stumpff, 84 Okla. 187, 203 Pac. 194; Callahan v. Nida, 86 Okla. 279, 207 Pac. 966.

"Unavoidable casualty has been described (defined) as an event or casualty happening against the will and without the negligence or other default of a party." Wagner et al. v. Lucas et al., 79 Okla. 231, 193 Pac. 421.

The facts alleged in the petition to vacate these judgments do not amount to unavoidable casualty or misfortune preventing the parties from prosecuting or defending the action. and the action of the trial court in so holding was proper.

There is another reason why the action of the trial court should be sustained in

this case. Section 814, C. O. S. 1921, provides:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered."

The alleged defense in the petition to vacate was in substance the same as presented to the trial court in the original action, wherein the issue was determined against these plaintiffs in error. The opinion in this court in Howe et ux. v. Farmers & Merchants Bank, supra, contained this language:

"The attempted appeal herein is clearly duplicitous and must be dismissed. In the consideration of this motion to dismiss it became necessary to examine the purported case-made and the petition in error attached thereto, which indicated that it referred only to the judgment rendered in case No. 4141 in the district court of McIntosh county, and assuming that it does refer to said judgment, and after examining said record and considering the brief of plaintiff in error in connection therewith, we have no hesitancy in saying that this appeal appears to be wholly without merit"

—in which it is held that the appeal was without merit. Plaintiffs in error insist this language to be inadvertently used, but a precedent therefor is found in the case of Callahan v. Nida, supra, where the appeal was dismissed for duplicity, and where the court said:

"In the case at bar we have examined the assignments of error and the briefs of the respective parties, and we are clear from an examination of the same and the record in the cause that there appears no reversible error in the record. Therefore the appeal is dismissed."

In the case of Armstrong v. White, 122 Okla. 78, 251 Pac. 46, this court held:

"Where on a former appeal this court had before it all the issues in controversy and entered its judgment upon the same and issued its mandate to the district court with directions to the district court to enforce such mandate, the district court was then without authority to grant a new trial contrary to the directions stated in the mandate."

In the case of Stumpff v. Harper, 90 Okla. 195, 214 Pac. 709, this court said:

"When an appeal is dismissed by this court, the effect is to affirm the judgment of the trial court."

And in the opinion the court said:

"The dismissal of the appeal had the effect of affirming the judgment of the trial court. If, when an appeal is dismissed, the party appealing may then go into the trial court

and ask to have the judgment set aside and the case retried, there would be no end to litigation. This is a very novel proceeding, and we are unable to see any reason why the court would even entertain the application. The issues attempted to be presented had become res judicata, and the court was without any jurisdiction whatever to entertain the motion to vacate the judgment. It would seem to us that the motion to strike would have been considered useless, because the trial court should have promptly entered an order refusing to consider the application to vacate the judgment for want of jurisdiction."

The rules laid down in the foregoing cases are applicable to the case at bar. No fraud is alleged in the procurement of these judgments, and the defense presented in the petition to vacate the judgment presents the issues adjudicated on the former appeal.

Upon the trial of this case the trial court had before it the opinion of this court in the original action, and to have done other than deny the plaintiffs' petition to vacate the judgment would have been error.

The judgment of the trial court is affirmed.

Note.—See under (1) 34 C. J. p. 314, §534, (2) 34 C. J. p. 338, §552 (Anno).