**HOWE et ux. v. FARMERS & MERCHANTS BANK.**

No. 18560.    Opinion Filed Feb. 14, 1928.

(Syllabus.)

1. **Judgment—Scope of Inquiry on Plea of Res Judicata.**

Upon a plea of res adjudicata the judgment in the former action will not be reviewed, it being only necessary to establish the fact of the former adjudication of the same question between the same parties or that same was properly a part of the former action and could or should have been adjudicated therein.

2. **Same—Identity of Parties, Subject-Matter and Issues—Burden of Proof.**

To constitute a good plea of res adjudicata

there must be the same parties, the same subject-matter, the same issues relating to the same subject-matter, and the capacity of the parties must be the same as to the subject-matter and the issues, and the burden of establishing these facts rests upon the party who alleges a former adjudication.

### 3. Same—Plea of Res Judicata Sustained Against Plaintiff.

Where it clearly appears that the identical fact pleaded by plaintiff, the establishment of which is essential to plaintiff's recovery, has been determined in a former action between the same parties adverse to plaintiff, a plea of res adjudicata is proper and will be sustained.

Error from District Court, McIntosh County; Enloe V. Vernor, Assigned Judge.

Action by R. D. Howe and Bertha Howe, his wife, against the Farmers & Merchants Bank. Judgment for defendant, and plaintiffs bring error. Affirmed.

See, also, 114 Okla. 118, 248 Pac. 318; 129 Okla. 140, 263 Pac. 673.

R. D. Howe, for plaintiffs in error.

Clark Nichols, for defendant in error.

HUNT, J. This is an appeal from a judgment rendered by the district court of McIntosh county in an action wherein the plaintiffs in error herein were plaintiffs and the defendant in error was defendant. The parties will be referred to here as they appeared in the trial court. Plaintiffs brought this action to recover judgment against the defendant in the sum of $1,230, together with interest thereon at the rate of ten per cent. per annum from the 30th day of July, 1922, alleging that said sum was due plaintiffs from defendant by reason of the fact that plaintiffs had deposited in the Oklahoma State Bank, of which the defendant, the Farmers & Merchants Bank, was the successor, the sum of $4,000, of which sum $2,770 had been withdrawn by plaintiffs, leaving a balance due plaintiffs of $1,230, which was unpaid. Certain other facts are set out at length in plaintiffs' petition which we deem unnecessary to set out here, for the reason that the gist of plaintiffs' contention is that they deposited the said sum of $4,000 in the bank and had only drawn out $2,770, and were therefore entitled to judgment for the balance of $1,230.

Defendant filed its answer interposing the defense of res adjudicata as follows:

"That on or about the 17th day of December, 1924, at Eufaula, in McIntosh county, in an action brought in the district court by this defendant against the plaintiffs herein, case being No. 4141, the same cause of action as set forth in the petition of the plaintiffs herein was pleaded in the answer of the plaintiffs herein to the cause of action brought against them by the defendant herein, and all of said matter pleaded in this petition was submitted to the court and the jury and the matter thoroughly adjudicated and judgment rendered in favor of the plaintiff in that case, who is the defendant herein, for the same amount of money and the same transaction and the same cause of action in every detail as set forth in the plaintiffs' petition filed in this cause.

"That from the decision of the court and jury in that case, being No. 4141, district court of McIntosh county, the plaintiffs herein prosecuted an appeal to the Supreme Court of the state of Oklahoma, wherein the matter was again finally adjudicated.

"That there is nothing pleaded in the petition in this case that was not finally adjudicated in case No. 4141, above mentioned."

To this plea plaintiffs filed an answer, denying that the matters and things set out in their petition had been adjudicated in the former action, being No. 4141 in the district court of McIntosh county. With the issues thus joined, the cause proceeded to trial before the court without a jury, and after hearing the evidence the court sustained defendant's plea of res adjudicata and rendered judgment dismissing the petition of plaintiffs, from which judgment this appeal is prosecuted.

For reversal plaintiffs have filed herein their petition in error containing eight assignments of error, all of which are argued in their brief under the one general proposition, to wit: Error of the court in sustaining defendant's plea of res adjudicata. By stipulation entered into between the parties hereto all the pleadings in cases Nos. 4141 and 4142 between the same parties in the district court of McIntosh county were admitted in evidence, same being attached to defendant's plea of res adjudicata.

From an examination of the record, we find the following allegation contained in the cross-petition filed by defendants (plaintiffs herein) in cause No. 4142 in the district court of McIntosh county:

"For cross-petition against said plaintiff, defendant shows that at the time of said insolvency of said Oklahoma State Bank said bank was indebted to the defendant in the suit of $1,200, and that said Oklahoma State Bank was entitled to credit

upon said sum of $100, the amount of the note marked plaintiff's exhibit 'B.' "

It is apparent from the record before us that judgment was sought under this cross-petition on the very item on which the plaintiffs are now seeking to recover judgment against the defendant, and the trial court in sustaining the plea of res adjudicata evidently so found from the evidence before it.

It is true, as plaintiffs contend in their brief, that in cases Nos. 4141 and 4142 the defendant Howe denied any liability to the bank, but said denial was based on the fact of the alleged deposit by defendant Howe in the sum of $4,000 in the Oklahoma State Bank, of which sum the amount sued on herein was a part, and it was determined in those actions that said sum was not in fact deposited in the bank but with one of the officers thereof to indemnify him individually against any liability on a bond he had signed for defendant Howe. This identical question was submitted to the jury in case No. 4141 under agreement of all the parties, as disclosed by the record, in the following interrogatory:

"Was it the agreement between the witness Whybark and the defendant Howe that • Whybark take the $4,000 testified about to indemnify him individually for signing the supersedeas bond introduced in evidence, or was it the agreement that he take it as an officer of the bank as an escrow deposit?"

To this interrogatory, the jury answered as follows:

"That he took it individually to indemnify his individual liability on the bond and not as an officer of the bank."

This finding was approved and adopted by the trial court and was incorporated in the journal entry of judgment entered in favor of the bank against the defendant Howe.

The same state of facts relative to the deposit of the $4,000, of which the sum sued for herein is admittedly a part, is set out in the petition filed herein as was contained in the answers of the defendant Howe in cases Nos. 4141 and 4142, and in order for the plaintiffs to prevail in the instant action they must of necessity establish a state of facts contrary to the findings of the court above set out on this identical issue.

Numerous authorities as to the liability of the bank are cited by plaintiffs in their brief, but this question is not before us in this appeal, the only question presented being whether or not there had been a former adjudication of the matters and things sought to be litigated herein. This was the only question considered by the trial court and the only question upon which evidence was offered and heard. Should we determine the court erred in sustaining the plea of res adjudicata, upon the record before us we could only reverse and remand the case for a new trial upon the merits, and upon the trial the burden of establishing the allegations contained in their petition would be upon plaintiffs. It is elementary that the judgment in the former action will not be reviewed on a plea of res adjudicata, it being only necessary to establish the fact of the former adjudication of the same question between the same parties, or that same was properly a part of the former action and could or should have been adjudicated therein. In the instant case the burden is on the defendant to establish its plea of res adjudicata. Webb v. Vaden, 75 Okla. 288, 183 Pac. 480. Defendant assumed this burden in the trial court and submitted as proof in support thereof all the pleadings in cases Nos. 4141 and 4142 in the district court of McIntosh county and the judgment rendered thereon, together with the mandate of this court in cause No. 16459, Howe v. Farmers & Merchants Bank, a corporation, of Eufaula, Okla. It clearly appears from the record that upon trial of causes Nos. 4141 and 4142 in the district court of McIntosh county between these same parties, the very issue sought to be litigated herein, to wit, whether or not Howe had in fact made the deposit of $4,000 in the bank as alleged in his petition herein. was decided adversely to plaintiffs herein, and judgment was rendered in favor of the plaintiff and against the defendant Howe (plaintiff here). An appeal was taken to this court by defendant Howe, and same was dismissed and the judgment became final and mandate issued. Howe v. Farmers & Merchants Bank, 114 Okla. 118, 248 Pac. 318. After mandate from this court was received and filed in the district court of McIntosh county, the defendants Howe filed petition to set aside the judgment rendered in said cause, and upon a judgment adverse to them being rendered by the district court of McIntosh county they again appealed to this court, and in an opinion filed October 25, 1927, in cause

No. 17975. the judgment rendered by the district court of McIntosh county was again affirmed. Howe v. Farmers & Merchants Bank, 129 Okla. 140, 263 Pac. 673. This, therefore, is the third time this controversy between these parties has been in this court in one form or another.

The plea of res adjudicata is founded upon two maxims of the law, one of which is that a man should not be twice vexed for the same cause, and the other that it is for the public good that there be an end of litigation. Wisconsin v. Torinus, 28 Minn. 175, 9 N. W. 725. It is well settled, as announced by this court in Alfrey v. Colbert, 44 Okla. 246, 144 Pac. 179, cited by plaintiffs, that:

"To constitute res adjudicata, there must be the same parties, the same subject-matter, the same issues relating to the same subject-matter, and the capacity of the parties must be the same as to the subject-matter and the issues."

The record herein conclusively shows that the present action is prosecuted by the same parties, involving the same subject-matter and the same issues as were involved in causes Nos. 4141 and 4142 in the district court of McIntosh county, upon which there has been a final determination adverse to the contention of plaintiffs in this action.

Plaintiffs cite in their brief without comment some six or seven cases under the heading "plea of res adjudicata." Defendant concedes that said cases are directly in point and controlling here and adopts them as supporting its contention under the facts herein. We have examined the authorities cited, to wit, Crowe v. Warnarkee et al., 115 Okla. 153, 244 Pac. 744, Etenburn v. Neary, 77 Okla. 69, 186 Pac. 457, Sweet v. Sweet (Nev.) 243 Pac. 817, Webb v. Vaden, supra, and Alfrey v. Colbert, supra, and in our opinion, under the rule of law as announced therein and under the facts as disclosed by this record, the trial court very properly sustained the plea of res adjudicata and rendered judgment for the defendant herein, and its action in so doing is affirmed.

All the Justices concur.

Note.—See under (1) 34 C. J. p. 901, §1311. (2) 34 C. J. p. 913, §1324; p. 915, §1325; p. 984, §1405; p. 1067, § 1509; 15 R. C. L. p. 1049, et seq.; 4 R. C. L. Supp. p. 1034. (3) 34 C. J. p. 1080, §1525.