## KEY, Adm'x, v. MISSOURI, K. & T. R. CO. et al.

No. 19651. Opinion Filed Jan. 22, 1929.

W. J. Davidson and Gomer Smith, for plaintiff in error.

M. D. Green, John E. M. Taylor, and Eric Haase, for defendants in error.

PER CURIAM. This is an attempt to appeal from two separate judgments rendered in the district court of Oklahoma county in actions wherein the plaintiff in error was plaintiff below and the defendants in error were defendants below. The plaintiff instituted an action against the defendants alleging the plaintiff to be the sole surviving parent and next of kin of the deceased, Charles E. Yount, and sought damages on account of the death of said Charles E. Yount due to alleged negligence of the defendants. . This cause was docketed in the trial court as No. 51061. Plaintiff also instituted an action against the defendants for the use and benefit of the estate of Charles E. Yount on account of the death of said Charles E. Yount due to the alleged negligence of the defendants. This action was docketed as 51062. Issues were joined in the trial court, and upon motion of the defendants and by agreement of the parties the court ordered that said causes be consolidated for trial, separate verdicts and judgments to be rendered. Under this order both causes were tried to the same jury and upon the same evidence, separate verdicts were returned by the jury, and separate judgments rendered by the court. Separate motions for new trial were filed in said causes and separate orders made overruling the motion for new trial. From the judgments and orders overruling the motions for new trial, plaintiff in error attempted to appeal and present to this court one petition in error, and wherein it is recited that the defendants in error recovered judgment in the two actions pending in the trial court, and which said actions were consolidated for trial, and attached to said petition in error one case-made embodying the pleadings in both causes, evidence submitted to the jury upon the trial, the verdicts, judgments, and orders in each cause separately set forth and numbered therein.

The defendants in error have filed in this court their motion to dismiss the appeal for the reason it is an attempt to appeal from two separate and distinct judgments with one petition in error and one case-made.

This court in the cases of Harper v. Stumpff, 84 Okla. 187, 203 Pac. 194, First Nat. Bank of Guthrie v. Ackors, 109 Okla. 228, 235 Pac. 185, and in First Nat. Bank of Ada v. Schulte, 119 Okla. 241, 249 Pac. 376, has announced the following rule:

"Where the parties have undertaken by one appeal. upon one petition in error and one case-made. to reverse two or more judgments. this court will dismiss such an attempted appeal for duplicity."

In the case of Callahan v. Nida, 86 Okla. 279. 207 Pac. 966. the court announced the following rule:

"Where three separate actions between the same parties were tried together for convenience only. but separate verdicts and judgments were entered, and the plaintiff prosecuted one appeal on one petition in

error and one case-made, such appeal may be dismissed for duplicity."

In the case of Callahan v. Nida, supra, this court cited with approval Louisville & N. Ry. Co. v. Summers, 125 Fed. 719, where the Circuit Court of Appeals of the Sixth Circuit held:

"Where two separate actions depending on the same facts were consolidated and tried together for convenience only, but the verdicts and judgments were separate, it was improper to include both in a single writ of error."

The facts in the cases decided by this court above cited are analogous to the facts in the instant case, and the rule applied in those cases is applied to the case at bar, and the appeal is hereby dismissed.

Note.—See 3 C. J. §109, p. 355, n. 58.